## FRANCIS MORRISON v. FAYETTE COUNTY.

ERROR TO THE COURT OF COMMON PLEAS OF FAYETTE COUNTY.

Argued May 14, 1889—Decided May 27, 1889.

1. A general statute without negative words, does not repeal a previous statute which is particular, even though the provisions of one be different from the other.

2. The act of May 12, 1887, P. L. 95, providing a fee of $3 per day and mileage for the auditors " of each county," does not repeal the act of February 5, 1869, P. L. 117, providing a fee of $3 per day, but without mileage, for the auditors of Fayette county.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS and MC-COLLUM, JJ.

No. 334 January Term 1889, Sup. Ct.; court below, No. 289 September Term 1888, C. P.

Case stated, in which Francis Morrison was plaintiff and the county of Fayette, defendant:

August 13, 1888: It is hereby agreed between the parties in this suit that the following case be stated for the opinion of the court in the nature of the special verdict, viz.:

Francis Morrison, the plaintiff above mentioned, is one of the county auditors of the said county, elected in November,

### Statement of Facts.

1887; that he assumed the duties of the said office and performed the same consisting of nine weeks' attendance in the months of January, February and March, 1888, at Uniontown in said county, auditing the accounts of the county officers of the said county according to the law; that the residence of the plaintiff is, by the usual mode of travel, by the railroad line, thirty-three miles distant from Uniontown, and by the county road, through the mountains, is eighteen miles distant from Uniontown; that in traveling to and from the residence of the plaintiff to Uniontown, to attend to the duties of his office, the plaintiff traveled by the said railroad route; that he did not actually travel to and from his said residence every week during the said period of nine weeks, but remained in Uniontown most of the time; that the plaintiff's claim in this case is for his mileage under the act of May 12, 1887, P. L. 95.

It is claimed by the defendant that the plaintiff is not entitled to mileage, as the act of May 12, 1887, above referred to, does not apply to Fayette county; the plaintiff's claim being stated as follows, viz.: Sixty-six miles circular at 6cts, $3.96; 9 mileages, $3.96 each, $35.64, none of which has been paid him, although demand has been made for the same, and all other compensation due by the defendant to the plaintiff for or on account of the said county auditing having been paid by the defendant.

If, under the foregoing facts the court should be of the opinion that plaintiff is entitled to recover his said mileage, judgment is to be entered for the plaintiff for $35.64, with interest from March 1, 1888; but if the court should be of the opinion that the plaintiff is not entitled to recover as aforesaid, judgment is to be entered for the defendant, the judgment in either case to carry costs and both parties to be at liberty to sue out a writ of error.

And now, to-wit: April 9, 1889, by leave of court, the case stated in the above action is amended as follows: The county commissioners claim that the act of May 12, 1887, P. L. 95, upon which the plaintiff relies to recover said mileage, does not apply to said county of Fayette, but that the auditors of said county are to be paid according to the compensation fixed by the act of February 5, 1869, P. L. 117, a special law for said county, to-wit:

"SECTION 1. Be it enacted etc., that from and after the first day of June, one thousand eight hundred and sixty-nine, the compensation of the county commissioners and county auditors of Fayette county shall be three dollars per diem for every day necessarily employed in the discharge of their official duties;" etc.

The act of May 12, 1887, P. L. 95, is as follows:

"SECTION 1. Be it enacted, etc., that from and after the passage of this act, the auditors of each county shall be allowed, out of the county funds, the sum of three dollars each, for each and every day necessarily employed in the discharge of their duties, together with six cents per mile circular, from and to their homes, once for each and every week so employed."

On November 8, 1888, the court, EWING, J., filed the following opinion and order.

This action was instituted by Francis Morrison, one of the county auditors, for the purpose of recovering mileage under the provisions of act of May 12, 1887, P. L. 95, the county commissioners having refused to allow him such privilege, because they claim that said act does not apply to this county, but that the auditors of this county are to be paid according to the compensation fixed by the act of February 5, 1869, P. L. 117, a special law for this county. The receipt of the full compensation, prescribed by said act of 1869, is acknowledged by the plaintiff. The sole inquiry here, then, is whether or not the general law of May 12, 1887, repeals the special law of February 5, 1869, as to the compensation of county auditors.

There is no repealing clause in said later act. In Brown v. County Commissioners, 21 Pa. 43, it is said, that "it seems to be well settled that a general statute without negative words cannot repeal a previous statute which is particular, even though the provisions of one be different from the other." There are no negative words in the act of May 12, 1887. To the same effect is the ruling in the case of Malloy v. Reinhard, 115 Pa. 29, which turned upon the construction of the act of June 25, 1885, P. L. 187, which has a repealing clause excepting local laws; and the court there held that even had such repealing section been omitted, the local statutes would not have been affected. But it is argued the language of the act of 1887 is

so comprehensive and explicit that it shows that a repeal of all local laws on the subject was intended. That language is, "that from and after the passage of this act the auditors of each county shall be allowed;" and the language in the act of 1885, in question in the case of Malloy v. Reinhard, supra, is equally explicit, etc., for that act says, "that the qualified electors of each borough and township in this commonwealth shall be;" and yet it was decided that no local law was thereby repealed.

And it will not do to argue that the auditors of this county should receive as much as such officers elsewhere in the state, for the court does not fix the compensation, but the legislature. There are doubtless local laws in other counties of the state whereby the auditors of those counties receive more than is provided in the act of 1887, and the auditors of those counties would have their compensation reduced if the act of 1887 repeals the local law of this county, for then it would repeal all local laws.

Another theory: The plaintiff here does not pretend to have earned the mileage claimed by the travel of the distance named, at least the number of times mentioned, nor at all by the route claimed for; and, in any event, only mileage for the route he traveled, if shorter than the route usually adopted, and for the times actually traveled, could be claimed. These facts are not given us. It can hardly be that it was intended by the act of 1887 to give mileage when the distance was not traveled. The special law of February 5, 1869, is not set out in the case stated, as it should be, and in the order leave will be given to amend in that respect.

And now, November 8, 1888, after examination and consideration of this case, leave is given to so amend the case stated as to set out the local law of February 5, 1869, upon which defendant relies, and, therefore, it is ordered and directed that judgment be entered in said case stated, in favor of the defendant for cost of suit.

PER CURIAM.

Judgment having been entered for the defendant, the plaintiff took this writ assigning the order of November 8, 1888, as error.

*Mr. Edward Campbell*, for the plaintiff in error.

*Mr. W. G. Guiler*, for the defendant in error.

PER CURIAM:

The act of February 5, 1869, fixes the pay of the county auditors of Fayette county at three dollars per day, but gives them no mileage. It was a local act, evidently passed because it was desired by that county, and has been enforced since 1869. The act of May 12, 1887, is a general law, fixing the pay of county auditors throughout the state at three dollars per day, "together with six cents per mile circular, from and to their homes, once for each and every week so employed." The present county auditors of Fayette county claim that they are now entitled to mileage under the act of 1887, but the learned judge below thought otherwise and disallowed their claim, upon the ground that the local act of 1869 is not repealed by the general law of 1887. In this we see no error. It may very well be that the auditors of Fayette county are as much entitled to mileage as are those of other counties in the state. As an abstract proposition this may be conceded. But their local law is in the way. Now that it gives them no advantage over other parts of the state they may perhaps see their way to get it repealed, in which event the general law would apply. For the present they must be content with the law as it has stood for the last twenty years.

Judgment affirmed.