## G. W. RYMER v. LUZERNE COUNTY.

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS OF LUZERNE COUNTY.

Argued April 15, 1891—Decided April 27, 1891.
[To be reported.]

1. The provisions of § 14, act of March 31, 1876, P. L. 17, fixing the salary of county auditors, in counties containing more than 150,000 inhabitants, are not repealed by the act of May 12, 1887, P. L. 95, providing that " the auditors of each county shall be allowed . . . . . the sum of three dollars each, for each and every day necessarily employed."

2. The act of.1876 is neither a local nor a special law, as it applies to all counties of a certain class, created by the constitution itself; but it comes within the reason of the rule that a prior statute, which is particular, is not repealed by a general statute without negative words, though the provisions of the latter differ from those of the former.

Before PAXSON, C. J., STERRETT, GREEN, CLARK and WILLIAMS, JJ.

No. 407 January Term 1891, Sup. Ct.; court below, No. 214 March Term 1891, C. P.

Opinion of Court below.

On February 27, 1891, in an amicable action by George W. Rymer against the county of Luzerne, a case was stated for the opinion of the court, in the nature of a special verdict, as follows:

"1. It is agreed that George W. Rymer, the plaintiff, was elected county auditor of Luzerne county, at the general election in the fall of 1887, and, having duly qualified, entered upon the duties of his office on the first Monday of January, 1888, and discharged the same during the continuance of his term, namely, for three years; and that he received as compensation therefor, the sum of three dollars per day and mileage, as provided by act of May 12, 1887, P. L. 95.

"2. It is agreed that the plaintiff, George W. Rymer, was duly re-elected county auditor in and for Luzerne county, at the general election which took place in November, 1890, has duly qualified according to law, and assumed the duties of his office on the first Monday of January, 1891.

"3. It is agreed that the said plaintiff has performed the duties of his office for twenty-three days, in the present month, for which he claims compensation or pay at the rate of three dollars per day, under the terms and provisions of the act of assembly, approved May 12, 1887, and mileage amounting to twelve dollars.

"If the court be of opinion that said act is in force in Luzerne county, and repeals prior legislation fixing and regulating the pay and compensation of county auditors in said county, then judgment to be entered for the plaintiff for the sum of eighty-one dollars; but if not, then judgment to be entered for the defendant. The costs to follow the judgment, and either party reserving the right to sue out a writ of error thereon."

After argument, the court, RICE, P. J., on March 7, 1891, filed the following opinion and decree:

Section 5, article XIV., of the constitution, provides as follows: "In counties containing over one hundred and fifty thousand inhabitants, all county officers shall be paid by salary, and the salary of any such officer and his clerks, heretofore paid by fees, shall not exceed the aggregate amount of fees earned during his term and collected by or for him."

Section 14 of the act of March 31, 1876, P. L. 17, entitled " An act to carry into effect section 5 of article XIV. of the constitution, " etc., provides that the salaries of county auditors in counties containing less than two hundred and fifty thousand, and over one hundred and fifty thousand inhabitants, shall be five hundred dollars each.   The act of May 12, 1887, P. L. 95, provides that the auditors of each county shall be allowed the sum of three dollars each, for each and every day necessarily employed in the discharge of their duties, together with six cents per mile, circular, from and to their homes once each week.   According to the census of 1890, Luzerne county has a population of more than one hundred and fifty thousand. The question is, whether the act of 1887 repealed the provisions of the act of 1876, relating to the compensation of county auditors in such counties.

The rule that a general statute, without negative words, does not repeal a previous statute, which is particular, even though the provisions of one be different from the other, has been applied in a large number of cases.   " It is against reason to suppose that the legislature, in framing a general system for the state, intended to repeal a special act which the local circumstances of one county had made necessary: " Brown v. Commissioners, 21 Pa. 37.   See also Wright v. Vickers, 81 Pa. 122; Rounds v. Waymart Bor., 81 Pa. 395; Girard Tp. v. Girard Bor., 86 Pa. 28; Rhein Bldg. Ass'n v. Lea, 100 Pa. 210; Seifried v. Commonwealth, 101 Pa. 200; Harrisburg v. Sheck, 104 Pa. 53; Sifred v. Commonwealth, 104 Pa. 181; Malloy v. Reinhard, 115 Pa. 31.   The case of Morrison v. Fayette Co., 127 Pa. 110, is directly in point.   It was there held that the act of 1887, under consideration, did not repeal a local act applying to Fayette county passed in 1869.

It is true, the act of 1876 is not a special or local law, in the strict sense of the term.   It is nevertheless particular, because it relates to a class created by the constitution itself, and was passed to carry out a constitutional mandate as to that class. In prescribing the compensation of county auditors in counties of that class, it is to be presumed that the legislature had regard to the peculiar duties which the act imposed upon them. These differ in some respects from the duties of auditors in other counties.   Therefore, the reason for holding that the act

of 1887 was not a repeal by implication of the act of 1876, is quite as strong as if the latter were a local act. We conclude that such was not its effect, and that the present county auditors are to be compensated by salary as provided by the act of 1876, and not by a per diem allowance as provided by the act of 1887.

Judgment is entered for defendant.

—Thereupon the plaintiff took this appeal, specifying that the court erred:

1. In rendering judgment for the defendant, on the case stated.

2. In holding that the act of May 12, 1887, P. L. 95, is not in force in Luzerne county.

3. In not holding that the act of March 31, 1876, P. L. 13, is unconstitutional.

*Mr. John McGahren*, for the appellant:

Is the plaintiff, who is a county auditor in Luzerne county, entitled to receive his salary under the act of March 31, 1876, P. L. 13, or under the act of May 12, 1887, P. L. 95?

1. The salary act of 1876 is unconstitutional, because the classification of counties made by it is not in harmony with the provisions of the organic law, or with the decisions of this court. The act goes beyond the constitution in making such a classification; it creates four classes of counties and formulates a schedule of fees for each of the first three classes, making no provision for the fourth. The only classification of counties to be sustained, is that recognized and sanctioned by the constitution itself, which contemplated that there should be but two classes, one having 150,000 inhabitants or more, and the other having less than that number: Morrison v. Bachert, 112 Pa. 330; McCarthy v. Commonwealth, 110 Pa. 243. This court has refused to sustain an attempt to classify counties with reference to the number and geographical position of the cities contained in them: Scowden's App., 96 Pa. 422; Commonwealth v. Patton, 88 Pa. 258. There is a wide distinction between the classification of cities, sustained in Wheeler v. Philadelphia, 77 Pa. 349, and an attempt to expand the classification of counties made by the constitution itself. And, even as to cities, the power to classify is founded upon and limited

Arguments.

by necessity: Scowden's App., 96 Pa. 425, Ayars' App., 122 Pa. 281; Ruan St., 132 Pa. 274.

2. If the act of 1876 be not obnoxious to the constitution, it has been repealed by the act of May 12, 1887, P. L. 95. Here are two apparently general laws which cover the same subject, to wit, the compensation of county auditors, and they cannot be reconciled. A subsequent statute revising the subject matter of a former one, repeals it to that extent: Martz's Election, 110 Pa. 502. The court below seemed to think that the act of 1876, having been passed in obedience to the "constitutional mandate," should not be altered or changed, and should not be governed by the rules of construction applicable to other acts. Nevertheless, its provisions have been altered and reformed: Act of May 11, 1881, P. L. 21; act of June 13, 1883, P. L. 113; and it was intended to be changed, so far as the salary of auditors is concerned, by the act of 1887, the design of which was to make the salary of auditors uniform throughout the state, unless where some county or local law existed upon the subject. The act of 1876 is not a local law in that sense; it applies to all the counties of the state having the requisite population. There can be no difference whether the plaintiff's compensation be called salary or wages: Commonwealth v. Butler, 99 Pa. 542; Ranck v. Albright, 36 Pa. 371. Morrison v. Fayette Co., 127 Pa. 110, does not rule this case. The reason for that decision is clearly expressed in Evans v. Phillipi, 117 Pa. 226; Malloy v. Reinhard, 115 Pa. 25.

*Mr. Joseph Moore*, for the appellee, was not heard.

In the brief filed, counsel cited: (1) Crawford Co. v. Nash, 99 Pa. 253; Allegheny Co. v. Gibson, 90 Pa. 397; Commonwealth v. Harding, 87 Pa. 343; Morrison v. Bachert, 112 Pa. 330; McCarthy v. Commonwealth, 110 Pa. 243; Wheeler v. Philadelphia, 77 Pa. 349; Kilgore v. Magee, 85 Pa. 411; Weister v. Hade, 52 Pa. 474; Lewis's App., 67 Pa. 153; Commonwealth v. Clark, 7 W. & S. 127; Moers v. Reading City, 21 Pa. 188; Cronise v. Cronise, 54 Pa. 255; Perot's App., 86 Pa. 335. (2) Endlich on Stat., 288; Crane v. Reeder, 22 Mich. 322; Morrison v. Bachert, 112 Pa. 330; Morrison v. Fayette Co., 127 Pa. 110; Evans v. Phillipi, 117 Pa. 226, distinguishing Martz' Election, 110 Pa. 502.

Opinion of the Court.

PER CURIAM:

Luzerne county has a population exceeding one hundred and fifty thousand. Section 5, article XIV., of the constitution, provides that "In all counties containing over one hundred and fifty thousand inhabitants, all county officers shall be paid by salary, and the salary of any such officer and his clerks, heretofore paid by fees, shall not exceed the aggregate amount of fees earned during his term and collected by or for him." The fourteenth section of the act of March 31, 1876, P. L. 17, was intended to give effect to this provision of the constitution, and provides that the salaries of county auditors in counties containing over one hundred and fifty thousand inhabitants shall be five hundred dollars each. This fixes the salary of the county auditor of Luzerne at that sum.

It was contended that the act of 1876 was repealed by the act of May 12, 1887, P. L. 95, which fixes the compensation of county auditors at three dollars per day and mileage. It is not to be presumed, however, that the legislature intended the act of 1887 to operate in counties where a salary had been fixed by the act of 1876, in obedience to the constitutional requirement. The act of 1887 contains no repealing clause; and, while the act of 1876 is neither a local nor a special law, for the reason that it applies to all counties of a certain class, and that class created by the constitution itself; yet its operation is confined to a limited number of counties, and we think comes within the reason of the rule laid down in numerous cases, that a general statute without negative words does not repeal a previous statute which is particular, even though the provisions of one be different from the other.

Judgment affirmed.