## Bell *v.* Allegheny County, Appellant.

*County officers—Treasurer of Allegheny county—Salary of—Statutes— Local act when not repealed by general act—Acts of May 1, 1861, March 11, 1870, and March 31, 1876.*

A general affirmative statute will not repeal a previous particular statute upon the same subject, though the provisions of the former be different from those of the latter.

The local acts of May 1, 1861, and March 11, 1870, fixing the salary of the treasurer of Allegheny county, are not repealed by the act of March 31, 1876.

*Constitution of 1874, art. XIV, § 5.*

The mandate of § 5 of art. XIV of the constitution, that the compensation of county officers shall be regulated by law, was satisfied in regard to the treasurer of Allegheny county by the special act of 1861 and its supplement of 1870.

*Suit against county—Intervention of ten taxpayers—Act of June 12, 1878.*

After judgment has been obtained against a county, ten taxpayers may

intervene under the act of June 12, 1878, and take the case to the Supreme Court. Under this act, the court has no discretion to grant or withhold the permission to intervene. The petition is merely in the nature of a suggestion for the purpose of getting the taxpayers upon the record.

Argued March 7, 1892. Appeal, No. 40, Oct. T., 1892, (certified from the Western district) by ten taxpayers on behalf of the defendant, from judgment of C. P. No. 1, Allegheny Co. March T., 1892, No. 18, on verdict for plaintiff, John A. Bell, the county treasurer. Before STERRETT, GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.

Assumpsit to recover salary as county treasurer.

The plaintiff's statement set out that he was duly elected treasurer of Allegheny county in November, 1890, and entered upon the discharge of the duties of his office on the first Monday of January, 1891. The statement was filed December, 1891, and claimed $7,500 salary for the first three quarters of the year 1891 under the acts of March 31, 1876, and June 13, 1883. The statement was demurred to; and, after argument, the court below in an opinion by STOWE, P. J., on Dec. 19, 1891, entered judgment in favor of the plaintiff for $7,500 with costs.

The other facts appear by the opinion of the Supreme Court.

*Error assigned* was the entering of judgment as above.

*William Yost*, for appellant.—The salary of the treasurer of Allegheny county is fixed by special act of 1861 and its supplement of 1870. These acts were not repealed by the general laws of 1876, 1881 or 1883: Brown v. Commissioners, 21 Pa. 43; Sharswood's Blackstone, vol. 1, p. 90; In Bounty Accounts, 70 Pa. 96; Rounds v. Waymart Bor., 81 Pa. 395; Seifried v. Commonwealth, 101 Pa. 202; Dillon on Mun. Corp. § 54; Com. v. McCallin, 10 W. N. C. 520; Kilgore v. Com., 94 Pa. 495; Sifred v. Commonwealth, 15 W. N. C. 373; Brown v. Commissioners, 21 Pa. 37; Malloy v. Reinhard, 115 Pa. 29; Morrison v. Fayette Co., 127 Pa. 110; Rymer v. Luzerne Co., 142 Pa. 108.

This case is not affected by § 5, art. XIV of the constitution, as the object of this section of the constitution was already met by the existing local laws.

*John F. Sanderson*, with him *Walter Lyon* and *Charles H.*

*McKee,* for appellee, cited McCarthy v. Commonwealth, 110 Pa. 243; Pierie v. Phila., 139 Pa. 573.

If § 13 of the act of 1876 is in force as to the district attorney, sheriff, coroner and other officers named therein, then it is in force as a whole and governs the case of the treasurer.

OPINION BY MR. JUSTICE HEYDRICK, May 23, 1892:

By " An Act relating to Allegheny county, " approved May 1, 1861, the salary of the treasurer of that county was fixed at $4,000 per annum, and, by a supplementary act, approved March 11, 1870, it was increased $500. Unless, therefore, these acts have been repealed, the salary of that officer is now $4,500 per annum, and the learned court below erred in entering judgment in his favor for the amount of the larger salary claimed under the general acts of 1876 and 1883. It is, however, contended that the act of March 31, 1876, intended to carry into effect § 5 of art. XIV of the constitution, repealed the special act of 1861 and its supplement.

It is a rule of interpretation as old as the common law, and followed in an unbroken line of decisions in this state, that a general affirmative statute will not repeal a previous particular statute upon the same subject, though the provisions of the former be different from those of the latter. The act of 1876 is affirmative, and bears no evidence of an intent to repeal any special or local laws regulating the compensation of officers in particular counties. It is also general in the sense that the act of May 23, 1874, classifying cities according to their population, was held, in Wheeler v. The City, 77 Pa. 338, to be general. To say that the county of Allegheny was the only county to which the 13th section could apply, and that therefore the legislature had that county in mind, and framed the section specially in reference to it, proves too much. Wherever the intent is to legislate for a particular county, the resultant legislation contravenes § 7 of art. III of the constitution, no matter how carefully that intent may be disguised: Com. v. Patton, 88 Pa. 258; Scowden's Ap., 96 Id. 422. But there is no evidence here of an intent to provide specially for Allegheny county by the 13th section. The act is an attempt, at least, at classification upon the basis of population, and, if sustainable, it is so, and only so, because other counties may come

into the several classes provided for. Hence it must not be assumed to have been enacted for the then present and with reference to certain counties, the names of which were cunningly suppressed, but for all time and with reference to future changes of population: Wheeler v. The City, supra. Now if other counties shall come into the class provided for by § 13, with special laws in some of them fixing the salaries of their officers in accordance with local circumstances, and without such laws in others, it will hardly be contended that the special laws will be ipso facto, and by operation of the act of 1876, repealed. And yet as to such counties the act will necessarily have every effect that it would have had if they had been within the class when the act was passed. And certainly it could not have a repealing effect in one county of the class that it could not have in every other.

It is urged that the constitution contemplates a general and uniform regulation of the compensation of county officers. If this be so, it is because of the provisions of the article upon legislation; but that article has never been supposed to impart to statutes a repealing effect that they would not have without it. The mandate of § 5 of art. XIV, that "the compensation of county officers shall be regulated by law," was satisfied in respect to the treasurer of Allegheny county by the special act of 1861 and its supplement; and so far as that officer was concerned the legislature was not bound to act, and therefore cannot be presumed, contrary to the well-known canons of construction, to have intended to act.

The conclusion reached, that the act of 1861 and its supplement are in force, renders it unnecessary to consider the views expressed by the learned judge of the court below as to the constitutionality of the acts of 1876 and 1883, but as his judgment must be reversed, because the act of 1861 and its supplement are in force, it is proper to say that his attention does not appear to have been called to them.

This appeal was taken by ten taxpayers of the county of Allegheny. After judgment was entered in favor of the plaintiff these taxpayers presented their petition to the court below, setting forth that the suit had been commenced on December 9, 1891, and judgment entered ten days thereafter, and that the

proper officers of the county had neglected to take any steps to inquire into the validity of the judgment, and intended to pay it out of the public funds upon the expiration of twenty days from its rendition, and praying the court for leave to come in and defend the county, and inquire into the validity of the judgment. Leave was thereupon granted to the petitioners to take such action as was authorized by law. At the argument the plaintiff moved this court to quash the appeal for the reason alleged, that there is no authority in law for the intervention of the taxpayers.

The act of June 12, 1878, P. L. 208, provides that any ten taxpayers, of any county of this commonwealth, may prosecute any suit or action in behalf of such county, or defend it in any suit, process, or action. If there exists any reason for such a statute, and of that the legislature are the proper judges, it ought surely to be most liberally construed. But it requires no liberality to hold that prosecuting a writ of error to a judgment against a county is prosecuting a suit or action in behalf of such county; and the appeal in this case is in everything but name and form a writ of error. It is, however, urged that the petition of the taxpayers should have been presented to this court rather than to the court below after final judgment. There would be much force in this contention if it were discretionary with the court to grant or withhold permission to intervene. But the act does not require any facts to be set forth in the petition from which the court can judge of the propriety of granting the prayer, or give the court any discretion in the premises, except to require or dispense with a bond to indemnify and save harmless the county from all costs that may accrue subsequent to filing the petition, and by the express terms of the act that bond is to be approved by the court of common pleas, and filed among its records. The petition is, therefore, merely in the nature of a suggestion for the purpose of getting the taxpayers upon the record, and in that view may, with propriety, be filed in the common pleas with the bond.

The motion to quash the appeal is refused, and the judgment is reversed, and judgment entered in favor of the defendant upon the demurrer.

MITCHELL, J., dissents.

May 30, 1892. Motion to reform judgment by entering the same in favor of the plaintiff for three quarters salary.

Eo die. Motion for reargument.

PER CURIAM, January 4, 1893 :

Reargument refused.

The judgment of this court is modified so as to permit a recovery for salary under the special law for Allegheny County.