George M. Von Bonnhorst, Appellant, *v.* Allegheny Co.

*Statutes—Repeal—Public officers—Recorder of deeds—Salary—Acts of April 6, 1871; March 6, 1872; April 2, 1873; March 31, 1876; June 13, 1883.*

The acts of April 6, 1871, P. L. 476; March 6, 1872, P. L. 208, and April 2, 1873, P. L. 484, relating to the salary of the recorder of deeds of Allegheny county, are repealed by the general acts of March 31, 1876, P. L. 13, and its supplement, the act of June 13, 1883, P. L. 113.

Argued March 9, 1894. Appeal, No. 66, Oct. T., 1894, by plaintiff, from judgment of C. P. No. 1, Allegheny County, March T., 1892, No. 19, on demurrer to statement. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit for salary of recorder of deeds.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was entry of judgment on demurrer.

*John F. Sanderson* and *D. T. Watson*, *Walter Lyon* and *Charles H. McKee* with them, for appellants.

*N. S. Williams*, for appellee.

OPINION BY MR. JUSTICE DEAN, Oct. 1, 1894:

The plaintiff was elected recorder of deeds for Allegheny county on November 4, 1890, and was sworn into office first Monday of January, 1891. For the first seven months of that year, the fees belonging to the county and received and earned by him, amounted to the sum of $34,587.25; deducting the amounts payable to his deputies and clerks, the balance in favor of the county was $19,902.50. The plaintiff claimed salary for the seven months, $5,833.33½, being seven twelfths of an annual salary of $10,000, under the general act of 1876 and supplement of 1883. The defendant demurred, averring that plaintiff's salary was fixed by the act of 1871 at $4,000, and this was all he could claim at law. By the act of April 2, 1873, in addition to the salary allowed by the act of 1871, the

recorder was entitled to fees in certain cases. The learned judge of the court below sustained the demurrer, and entered judgment for defendant, believing his decision was in accord with Bell v. Allegheny County, 149 Pa. 381. We do not think that case rules this one, and have given our reasons therefor in McCleary v. Allegheny Co., in an opinion filed this day. [The preceding case.] Therefore, the judgment sustaining the demurrer is reversed at costs of appellee, and judgment is entered for plaintiff.