## David K. McGunnegle, Appellant, *v.* Allegheny County.

*Statutes—Repeal—Public officers—Clerk of court of quarter sessions—Salary—Acts of April 6, 1871; March 6, 1872; April 4, 1873; March 31, 1876; June 13, 1883.*

The acts of April 6, 1871, P. L. 476; March 6, 1872, P. L. 208, and April 4, 1873, P. L. 484, relating to the salary of the clerk of Quarter Sessions of Allegheny County, are repealed by the general acts of March 31, 1876, P. L. 13, and its supplement, the act of June 13, 1883, P. L. 113.

Argued March 9, 1894. Appeal, No. 67, Oct. T., 1894, by plaintiff, from judgment of C. P. No. 1, Allegheny County, March T., 1892, No. 20, on demurrer to statement. Before STERRETT, C. J., GREEN, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit for salary of clerk of quarter sessions.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was entry of judgment on demurrer.

*John F. Sanderson* and *D. T. Watson, Walter Lyon* and *Charles H. McKee* with them, for appellant.

*N. S. Williams*, for appellee.

OPINION BY MR. JUSTICE DEAN, Oct. 1, 1894:

The plaintiff is clerk of the courts of Oyer and Terminer and Quarter Sessions of Allegheny county, and, as a county officer, claimed he was entitled to be paid under the act of 1876 and its supplements, an annual salary of $5,000. The defend-

ant demurred to the claim on the ground that plaintiff's compensation was fixed by the act of April 6, 1871, at $3,000, and he could lawfully claim compensation only under that act. His claim covered salary for the seven months ending July 31, 1891, during which time the fees earned and received by the county amounted in gross to $20,036.84. After deducting amounts payable to his deputies, there was a balance in favor of the county of $5,171.24. His claim for the seven months. was $2,916.66⅔.

In addition to the $3,000 salary allowed by the act of 1871, the act of April 4, 1872, allowed the clerk of quarter sessions certain fees.

The learned judge of the court below, being of opinion that this case was ruled by Bell v. The County of Allegheny, 149 Pa. 381, sustained the demurrer, and gave judgment for defendant. We think this case is not ruled by that, as appears by our opinion in McCleary v. this same defendant herewith filed. [The second case above.] If the office of clerk of the courts had been compensated wholly by a salary, the judgment in this case would have been right; but as a considerable part of the compensation is made up of fees, Bell v. Allegheny County is not authority.

Therefore the judgment sustaining the demurrer is reversed at costs of appellee, and judgment is entered for plaintiff.