# Moore v. Lancaster County.

The act of February 17, 1871, P. L. 74, which is a supplement to a former act, fixing the term of the office of keeper of the county jail at two years, and his salary twelve hundred dollars per year, is not in conflict with Sec. 5 of Art. 14, of the Constitution of Pennsylvania, fixing the compensation of county officers where the number of inhabitants exceeds one hundred and fifty thousand.

Where, under existing laws, County officers are remunerated in fees pertaining to their respective offices, and not by a fixed salary, the constitutional provision and the legislation in pursuance thereof does, fix the amount of salary to be paid when the population reaches the limit fixed thereby in the specified classes, or in other words, where a local act fixes the fees to be paid, and a salary is fixed by a subsequent general act, the general act repeals the local act. A prison keeper is not designated as a county officer, but is included within the meaning of the words "such others" as may from time to time be established by law.

LOCAL AND GENERAL ACTS OF ASSEMBLY—KEEPER OF COUNTY
JAIL—FEES—SALARIES.

No. 1, April Term, 1902, C. P., Lancaster County.

W. U. Hensel and William C. Rehm, Esqs., for plaintiff.

A. B. Hassler, Esq., and N. Franklin Hall, Esq., for defendant.

Opinion by LANDIS, J., April 19, 1902.

By the case stated a single question is raised for our decision, and that is, whether or not the salary of the keeper of the Lancaster county prison is payable under the local Act of Assembly of 1871, or whether the general salary bill, applying to counties having a certain population, applies? It might, therefore, not be out of place for a full understanding of the point at issue to briefly recall the legislation upon this subject.

By the Act of February 19, 1850, P. L. 89, which recites, in its preamble that "the Commissioners of Lancaster county are now erecting a new county prison, for the government and regulation of which legislative enactment is required," it was provided that the inspectors should "annually appoint a keeper, physician and all other officers for the prison and fix their salaries or compensation," and the duties of the keeper are specifically enumerated in Article II, Section 1, of the act. Under this Act of Assembly the Lancaster county prison has ever since been regulated.

Moore v. Lancaster County.

However, by the Act of February 17, 1871, P. L. 74, which is a supplement to the former Act, the office of keeper was made elective, the term was fixed at two years and the salary at $1200 a year. It was also stipulated therein that the incumbent should "not be charged with house rent, fuel, light or boarding for himself or family proper, the said salary and allowance, however, to be in full for all services rendered." There has been no further local legislation upon this subject.

Section 1 of Article XIV of the constitution provides that "county officers shall consist of Sheriffs, Coroners, Prothonotaries, Registers of Wills, Recorder of Deeds, Commissions, Treasurers, Surveyors, Auditors or Controllers, Clerks of the Courts, District Attorneys, and such others as may from time to time be established by law." Section 2 of the same article declares that "county officers shall be elected at the general elections, and shall hold their offices for the term of three years, beginning on the first Monday of January next after their election," and Section 5, that "the compensation of county officers shall be regulated by law," and "in counties containing over 150,000 inhabitants, all county officers shall be paid by salary." For the enforcement of these provisions the Act of March 31, 1876, P. L. 13, was passed, and Section 14 fixed the salaries of all county officers in counties which shall have less than 250,000 and over 150,000 inhabitants, and among these is a "county jailer, $1500." A subsequent section provides that his salary shall be paid quarterly. The Act of July 2, 1895, P. L. 424, then amended the Act of 1876 by readjusting the salaries of this particular class of counties, and in this act it is set forth that the salary of the "county prison warden" shall be $2000. There is no other general legislation which has application.

The keeper is not expressly designated in any law as a county officer; but as it is directed that he shall be elected by the people of the county to this position he may, perhaps, be held to be within the meaning of the words, "such others as may from time to time be established by law," referred to in the first

section of Article XIV of the Constitution above quoted. I would also suppose that the several names of keeper, county jailer and prison warden, referring, as they all do, to a position of general superintendence over the respective prisons, are synonymous terms, their duties being practically the same, and, therefore, the fixing of a salary under the name of any one of them may cover all. In fact, an examination of the Acts of Assembly shows that the county prisons of the state are almost altogether regulated by local laws, and in some counties, such as Berks, Chester, Lancaster, Lehigh, etc., the officer is designated as the "keeper;" in Allegheny as the "warden;" whereas, in some other counties he is called "jailer" or "jail keeper," and in many of the counties the Sheriff is in charge of the jails, and receives for the board of the prisoners a stipulated allowance, fixed either by County Commissioners, Inspectors or the Court.

It will be observed at the time the Acts of 1876 and 1895 became laws the county of Lancaster did not have the requisite population to bring it within the class for which this legislation was intended. They were not, therefore, at that time applicable to it. Whatever view may be taken of this case, it must be conceded that the Act of 1871 was then in full force, and continued so until the poulation of the county exceeded 150,000, which was only after the declaration of the census of 1900. It is, therefore, not strictly correct to say that the Act of 1871 was repealed by the general laws, but rather that it was superseded upon the county entering the class to which the general laws applied. The case of Fraim v. Lancaster County, 171 Pa., 436, and Quinn v. Cumberland County, 162 Pa., 55, are not exactly similar in their conditions, because in both of them the prior local acts were repealed by the passage of the subsequent general act with which they came in conflict. This is, however, of little importance, as it must be conceded that, as to such counties, the general act will necessarily have every effect that it would have had if they had been within the class when the act was passed. The whole question, therefore, reverts to the construction of the

Moore v. Lancaster County.

Act of 1876, for the Act of 1895, as I have before said, is merely supplementary. Happily for a correct determination of the case, the Supreme Court has already definitely settled this.

In Bell v. Allegheny County, 149 Pa. 381, by several local acts, the salary of the Treasurer of that county was fixed at $4500. By the general Act of 1876 it was fixed at $10,000, and the same question was raised that the local acts were repealed by the general act. The Supreme Court, however, held otherwise. The Court declared that the Act of 1876 was affirmative, and bore no evidence of an intent to repeal any special or local laws regulating the compensation of officers in particular counties. It also held that the mandate of Section 5 of Article XIV of the Constitution that "the compensation of county officers shall be regulated by law," was satisfied in respect to the Treasurer of Allegheny county by the special Act of 1861 and its supplement, and so far as that office was concerned the legislature was not bound to act, and, therefore, cannot be presumed contrary to the well-known canon of construction to have intended to act. Heydrick, J., in delivering the opinion of the Court, also says: "Now, if other counties shall come into the class provided for by Section 13, with special laws in some of them, fixing the salaries of their officers in accordance with local circumstances, and without such laws in others it will hardly be contended that the special laws will be, ipso facto, and by operation of the Act of 1876 repealed."

In McCleary v. Allegheny County, 163 Pa. 578, the question again came before the Supreme Court in a somewhat different form. In this case the Sheriff claimed to come within the general act, and to be entitled to the salary set forth therein, claiming that the special act which regulated his compensation and gave him part salary and part fees, was repealed by the general act. This contention was sustained by the Supreme Court, but Dean, J., in the opinion, expressly said that "Bell v. Allegheny County is the law of that case and all others like unto it," but that it was not authority in the cases of other county officers

9

based upon radically different facts. The distinction is, there-
fore, clearly drawn that where the officer receives fees under a
local act and a salary under the general act, the general act re-
peals the local act; but where, under the local act, a stipulated
salary alone is provided for, there is no such repugnance be-
tween the two acts as will necessarily repeal the local act.

In Allegheny County v. Grier, 179 Pa. 639, the same ques-
tion is again discussed. In that case Sterrett, C. J., says: "The
principle which underlies the construction heretofore given the
Act of 1876 and its supplements is too plain for question. The
constitution had declared that in counties of a specified class
their officers should be paid by fixed salaries, and the legisla-
ture sought by that act to accomplish this purpose. It accordingly
struck down all prior acts which provided for the payment of
such officers in fees as being necessarily inconsistent with the
constitutional mandate, and hence McCleary v. Allegheny Coun-
ty, 163 Pa. 578, and allied cases, and left those acts which pro-
vided for the payment of fixed salaries because consistent, and
hence Bell v. Allegheny County, 149 Pa. 381. The operation of
the act was limited by the accomplishment of its purpose." The
same principle was again reiterated in Bell v. Allegheny County,
184 Pa. 296, although it must be admitted one of the reasons
given for the conclusion arrived at in this case was that the case
had already been heard and finally adjudicated. See, also Ry-
mer v. Luzerne County, 142 Pa. 108; Morrison v. Fayette Coun-
ty, 127 Pa. 110; Com. v. Pihladelphia and Erie R. R. Co., 164
Pa. 252. I am, therefore, of the opinion that the Act of 1871,
which provides a stipulated salary for the keeper of the prison,
still remains in force, and that that official is payable thereunder
and not under the Act of 1876. Nor do we think there is any
hardship in this construction of the law. The difference in the
salaries is comparatively small, for while the money compensa-
tion is, under the Act of 1871, $1200, coupled with this are the
additional items of house rent, fuel, light and board for the
keeper and his family; whereas, under the general law, these

perquisites are lost, and an allowance of them by the inspectors would be a proper element of surcharge, there being no authority under that act, or any other, to make any such provisions, and the keeper being, therefore, liable to pay for all of them out of his salary·

I have, perhaps, dwelt upon this subject at unnecessary length, but its importance arises not only in the particular case in hand, but also because the change of the county from its former class to the present one may, perhaps, affect other officials as well as the plaintiff.

In accordance with the terms of the case stated, judgment is now entered in favor of the defendant.

Judgment for the defendant.

Reported by G. Ross Eshleman, Esq.,

Lancaster, Pa.