# Flemming, Appellant, *v.* Bush.

*Costs—Witness fees—Acts of February 10, 1865, P. L. 133, February 23, 1889, P. L. 8, and June 1, 1907, P. L. 364—Statutes—Repeal.*

1. The general Act of June 1, 1907, P. L. 364, entitled, "An Act to increase the pay of jurors and witnesses in this commonwealth" and providing a witness fee of $1.50 per diem, does not repeal the local Act of February 10, 1865, P. L. 133, applicable to Adams county providing for the payment of a witness fee of $1.00 per diem to witnesses residing beyond one mile of the county seat.

2. A general affirmative statute, without negative words, will not repeal a previous particular one upon the same subject, unless there be something to show a legislative intent to repeal, beside the fact that the provisions of the former are different from those of the latter.

Argued March 15, 1910.   Appeal, No. 30, March T., 1910, by plaintiffs, from order of C. P. Adams Co., Aug. T., 1909, No. 154, sustaining appeal by defendant upon taxation of costs in the case of William B. Flemming et al. v. B. F. Bush, Receiver of the Western Maryland Railway Company.   Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Appeal from taxation of costs.   Before SWOPE, P. J.

The case turned on the question as to whether witness fees should be taxed at the rate of $1.00 per day as provided by the local act of February 10, 1865, or $1.50 per day under the general act of June 1, 1907.

The court sustained the appeal and directed that the fees should be taxed according to the act of 1865.

*Error assigned* was the order of the court.

*W. C. Sheely*, with him *John D. Keith*, for appellants.— In considering the act of 1907, we submit that it was the purpose of the legislature to bring about uniformity in the pay of witnesses throughout this commonwealth and

that this intention is apparent from the title and words of the act itself: Jadwin v. Hurley, 10 Pa. Superior Ct. 104; Com. v. Summerville, 204 Pa. 300; McCleary v. Allegheny County, 163 Pa. 578; Weaver v. Schuylkill County, 17 Pa. Superior Ct. 327.

The two acts are inconsistent: Poor Directors v. Fayette County, 18 Pa. Dist. Rep. 53; Mohr v. Scherer, 30 Pa. Superior Ct. 509; Titusville Iron Works v. Keystone Oil Co., 122 Pa. 627; McKeever v. Victor Oil Co., 9 Pa. C. C. Rep. 284; Oakley v. Oakley, 1 Pa. Dist. Rep. 781.

*Chas. S. Duncan,* for appellee.—A general affirmative statute without negative words, either with or without a general · repealing clause, does not repeal prior local laws on the same subject with conflicting provisions. Because the compensation provided is of the same general character only differing in amount from the compensation mentioned in the prior local statute, and there being no such conflict between the two acts, as will work an appeal by implication, it requires something more than a mere difference in amount before a prior local statute relating to the same subject-matter can be considered as repealed, by implication: Morrison v. Fayette County, 127 Pa. 110; Brown v. County Commrs., 21 Pa. 37; Malloy v. Com., 115 Pa. 25; Com. v. Pottsville Water Co., 94 Pa. 516; Com. v. P. & E. R. R. Co., 164 Pa. 252; Com. v. Brown, 25 Pa. Superior Ct. 269; Bell v. Allegheny County, 149 Pa. 381; Hickory Tree Road, 43 Pa. 139.

There is nothing in the statute of 1907, indicating an intention on the part of the legislature that the act should extend to all of the counties in the commonwealth, as a general system. The language used in the enacting clause is very general, and does not repeal the local acts which fix the compensation for witnesses in the different counties: Smith v. Levy, 26 Lanc. 356; Wright v. Pennell, 26 Lanc. 359; Starr v. Caldwell, 17 Pa. Dist. Rep. 669; Eisenberger v. Eisenberger, 26 Lanc. 367.

A general repealing clause is not to be interpreted when standing alone as evidence of any intention to repeal prior local laws, unless there is something else in the act to evidence such intention: Hickory Tree Road, 43 Pa. 139; Poor Directors v. Fayette County, 18 Pa. Dist. Rep. 53; Nissley v. Lancaster County, 215 Pa. 562.

OPINION BY RICE, P. J., July 20, 1910:

By sec. 13 of the fee bill of 1821 (Act of February 22, 1821, 7 Sm. L. 367) witnesses residing in or within one mile of the county seat were allowed fifty cents for each day's attendance at court, and witnesses residing without those limits were allowed sixty-two and one-half cents. Section 3 of the Act of February 10, 1865, P. L. 133, entitled, "An act to increase the compensation of the county commissioners, jurors and witnesses, in Adams, Armstrong, Lycoming and Clinton counties," provided as follows: "That the witnesses, attending the several courts of said counties, shall, each, receive one dollar per day, and the usual mileage, excepting such witnesses who reside within one mile of the county seat, of said court, who shall only receive, for their services, the compensation now allowed by law." Section 13 of the act of 1821 was amended by the Act of February 23, 1889, P. L. 8, so as to read: "That the fees to be received by witnesses, shall be as follows, namely: Each day's attendance at court, one dollar. Each mile circular in traveling to and from such court, three cents." The effect was to abolish the distinction between the two classes of witnesses recognized by the act of 1821, except as that distinction was kept in life by local laws. By sec. 1 of the Act of June 1, 1907, P. L. 364, entitled, "An act to increase the pay of jurors and witnesses in this commonwealth," it was provided that "the pay of witnesses shall be one dollar and fifty cents, per diem, together with mileage as is now provided for by law," and by sec. 2, all acts or parts of acts inconsistent therewith were repealed.

The question for decision is, whether the act of 1865

relative to fees of witnesses in the county of Adams was repealed by the general act of 1907.

The general rule of interpretation, that a general affirmative statute, without negative words, will not repeal a previous particular one upon the same subject, unless there be something to show a legislative intent to repeal, besides the fact that the provisions of the former are different from those of the latter, has been applied in many cases involving questions of salaries and fees. A leading case is Morrison v. Fayette County, 127 Pa. 110. See, also, Rymer v. Luzerne County, 142 Pa. 108; Bell v. Allegheny County, 149 Pa. 381; Commonwealth v. Lloyd, 2 Pa. Superior Ct. 6, and cases there cited. But that the rule is not to be enforced so as to override the legislative intent is shown by a comparison of Bell v. Allegheny County, 149 Pa. 381, with McCleary v. Allegheny County, 163 Pa. 578, and a consideration of the principles clearly enunciated in Commonwealth v. Brown, 210 Pa. 29. Repeal by implication is wholly a question of legislative intent, and the rule of construction under consideration is but an aid in arriving at that intent. It is founded on good reason, for, as has been repeatedly said, a local law presumably was passed to meet local and exceptional conditions, and a general statute to meet general conditions does not imply that the local conditions have changed or that the legislature intended to change the law which it had previously deemed necessary or appropriate to such conditions. To apply the rule here it must be determined that the act of 1865 is a local law passed to meet local and exceptional conditions; and, so far as the payment of witnesses not residing at the county seat or within one mile thereof is concerned, there is no doubt that it is to be so regarded. In other words, the general law (act of 1821) was changed in that particular for reasons which doubtless seemed wise to the legislature; but it is just as plain that the legislature did not consider that the local and exceptional conditions required any change in the general law so far as it concerned the pay of witnesses

residing at the county seat or within one mile thereof. Therefore, such witnesses were expressly excepted from the operation of the local law and their compensation was left to be ascertained by reference to the general law. If the words, "who shall only receive, for their services, the compensation now allowed by law," had been omitted from sec. 3, it is quite clear that the law regulating the compensation of the excepted class of witnesses would not be a local, but a general law. The question then arises, whether in the construction of the statute these words may be treated as surplusage. Generally, a statute ought to be construed so as to give effect to all of its words, if this may be done without contravening the plain intent of the legislature and no unreasonable or absurd result is reached thereby. At the time of the passage of this statute there was no constitutional provision such as is contained in sec. 6, art. III, of our present constitution, relative to the extension of the provisions of an earlier statute by reference only, and the learned judge below treats the clause under consideration as if it had declared in so many words, that the compensation of this class of witnesses should be the same as that provided for the same class of witnesses by the act of 1821. There is much reason and force in this construction of the words. By adopting it we give effect to the general rule above referred to, and reach no absurd or unreasonable result. Upon the whole, we conclude that it is the correct view to be taken of the statute. This being so, the general principle as to the repeal of local statutes by a general statute, without negative words other than the general repealing clause, is applicable to the case. It is not to be denied that there is much to be said in favor of the appellants' view; but the conclusion we have reached is more likely, we think, to carry out the legislative intent.

The order is affirmed.