## Brower v. City of Philadelphia.

*Public officers—Compensation—Clerk of prison inspectors—Municipalities —Philadelphia—Right of prison inspectors to fix salaries—Acts of April 14, 1835, and May 21, 1879.*

1. A clerk whose salary has been fixed by the Board of Prison Inspectors of Philadelphia under the Act of April 14, 1835, P. L. 232, may recover such salary from the city, although no appropriation has been made by councils for its payment.

2. The Act of April 14, 1835, P. L. 232, was not repealed, either directly or by necessary implication, by the Act of May 21, 1879, P. L. 72, in so far as the management and control of the county prisons are concerned.

Motion for judgment *n. o. v.* C. P. No. 5, Phila. Co., Sept. T., 1922, No. 624.

*Saul, Ewing, Remick & Saul,* for plaintiff.

*David J. Smyth,* City Solicitor, for defendant.

PER CURIAM, Dec. 28, 1922.—Upon the trial of this case, by agreement of counsel, the statement of claim was copied into the record as evidence of the facts contained therein.

Plaintiff was a clerk employed by the Board of Inspectors of the Philadelphia County Prisons. His salary had been fixed by the Board of Inspectors at $3300 per annum. At a stated meeting of the inspectors on April 10, 1922, it was resolved, "That the rate of salary of officers and employees of the prisons be fixed to date from Jan. 1, 1922, so as to equal the total amount received by each one during the year 1921; and that a schedule of the salaries be prepared in compliance with the resolution, entered upon the minutes and submitted to City Councils with the request that an additional appropriation be made to conform therewith." A schedule was prepared in accordance with this resolution, in which plaintiff was to receive $300. City Councils having failed to appropriate the money necessary to pay it, suit was brought for the sum alleged to be due on June 30th. Both sides presented points for binding instructions; the court directed a verdict for plaintiff.

Defendant moved for judgment *n. o. v.*

In Butcher *v.* City of Philadelphia, 7 Dist. R. 593, a case involving the same question was decided by Pennypacker, P. J. Plaintiff, a physician at the prison, sued to recover the difference between the salary awarded by the Board of Inspectors and that for which Councils made an appropriation. It was said by the court: "The question raised is as to whether Councils, on the one hand, or the Board of Inspectors, on the other, have the right to fix the salary. The Act of April 14, 1835, P. L. 232, providing for the erection of the County Prison, directs that this prison 'shall be managed by a board of inspectors,' who shall be appointed in the manner therein prescribed. . . .

"Section 12 provides that 'for any deficiency in keeping, furnishing and maintaining said prison in conformity with the provisions of this act, the inspectors are authorized to apply to the Commissioners of the County of

3 D. & C.

Philadelphia for such sum or sums as may be necessary or required, if it shall appear reasonable, and that the accounts of said inspectors are properly kept and adjusted, the commissioners of said county shall draw an order on the Treasurer of the County of Philadelphia for such sum or sums as may be necessary to satisfy such demands.'

"The purpose of this act appears plainly to be to provide a complete system for the government and management of the institution. With this object in view, the control is vested in the Board of Inspectors. They are given power to make contracts, to make rules and regulations, to engage a superintendent and keepers, and to dismiss the latter as they see proper, and to appoint a physician and fix his salary. No doubt, the power to fix his salary was conferred because it was expected that the Board of Inspectors would look carefully as to his qualifications, and give him compensation accordingly, and because their control over the amount of his salary could be used as an effective means of compelling attention and securing earnest and skilled service. . . .

"On May 21, 1879, P. L. 72, an act was passed repealing section 7 of the Act of March 31, 1876, P. L. 12, and 'conferring upon councils in cities of the first class the power of fixing the number and salaries of certain employees.' Section 2 of that act directed that, after Jan. 1, 1880, 'it shall be the duty of the councils of the cities of the first class to fix the salaries and number of the clerks and employees of all persons who are paid their salaries, by warrant or otherwise, out of the city treasury, excepting only those officials who are elected by the people, or whose salaries are fixed and established as to amount by acts of assembly of this Commonwealth, or fixed by the courts by existing laws.'

"It is contended by the City that the words of this section are sufficiently broad, since the superintendent and physician of the county prison are paid out of the city treasury, to cover the case of the plaintiff, and that they repeal by implication the provisions of the Act of 1835 to this extent. Repeal by implication is not favored in the law. The general rule is that, unless the two acts are entirely irreconcilable and cannot by any reasonable construction be made to accord, the prior act will not be repealed. The object is to ascertain the intention of the legislature, and since, if their purpose is to repeal the prior act, it can readily be expressed in definite language, the presumption, from the absence of such language, is that the purpose does not exist. It is also the rule that a general affirmative statute will not repeal a previous particular statute upon the same subject, although their provisions be different: Dillon on Municipal Corporations, § 54; Bell *v.* Allegheny County, 149 Pa. 381. . . .

"The act itself excludes from its operation those officials 'whose salaries are fixed and established as to amount by act of assembly;' and while, perhaps, the salary of the physician of the county prison has not in strictness been fixed as to amount by act of assembly, the Act of 1835 has definitely established a method by which his salary is to be determined. No intention is expressed in the Act of 1879 to interfere with the system provided for by the Act of 1835 with respect to the county prison. If it were to be held that Councils, and not the inspectors, had control over the salary of the physician, it might result in detriment to the discipline of the prison and to the welfare of its inmates. Upon the whole, our conclusion is that, without deciding as to what construction should be placed upon the Act of 1879, there is not such an irreconcilable difference between its terms and those of the Act of 1835 as requires us to hold that the latter is in part repealed."

Brower v. City of Philadelphia.

This case was followed by Gormley v. City of Philadelphia, 27 Dist. R. 465, wherein a keeper recovered the compensation fixed by resolution of the Board of Prison Inspectors, although an appropriation had not been made by Councils for the payment of his salary. A decision to the same effect was made by Court of Common Pleas No. 3, and the authority of the inspectors has been recognized in subsequent cases.

A decision of a court of concurrent jurisdiction adverse to those findings might result in serious confusion. Motion refused.