**Adams County v. Biesecker**

*F. Joseph Larkin*, for petitioners.
*John R. White*, for respondents.

MacPHAIL, *P.J.*, April 28, 1977—This matter comes before us on respondents' preliminary objections to the petition and petitioners' preliminary objections to respondents' preliminary objections.

Since preliminary objections are a pleading under Pa. R. C. P. 1017(a), they are also subject to preliminary objections. See 2 Goodrich-Amram 2d § 1017(b): 5. Petitioner here seeks to strike and demur to the preliminary objections. We see no basis for the pleading. All of the issues raised in the preliminary objections to the preliminary objections are, in fact, an answer to respondents' preliminary objections. Accordingly, we will deny petitioners' preliminary objections.

At argument, petitioners admitted that certain of respondents' "technical" objections were valid and expressed a willingness to plead over to those defects. However, petitioners urged the court to rule specifically on respondents' demurrer because the substantive issue raised by that demurrer was crucial to a continuation of the proceedings. We agree. We believe that respondents' preliminary objection in the nature of a petition raising the defense of lack of capacity to sue is likewise deter-

minative of whether this proceeding may continue in its present form.

A number of Adams County taxpayers have filed a petition in the name of Adams County requesting leave to bring an action against the Commissioners of Adams County in their individual capacity, each of whom is named as a respondent in the petition. The petition is filed specifically under the authority of section 2805 of The County Code of August 9, 1955, P.L. 323, as amended, 16 P.S. § 2805. The petition recites a number of alleged acts of malfeasance and misfeasance in office by the individual commissioners. Respondents contend that section 2805 of The County Code does not authorize petitioners to proceed against them.

Section 2805 reads as follows:

"Subject to the proviso hereinafter made, any ten or more taxpayers of the county may, in behalf of such county, appeal from the report of its county auditors or controller to the court of common pleas, or prosecute any suit or action in behalf of said county, or defend such county in any suit, process or action that may be brought against such county, by appeals from county auditors' or controller's report or otherwise. If no appeal is entered by county officials, the appeal by such taxpayers shall be entered within ninety days after the filing of such report in the court of common pleas. All of the appellants shall enter into recognizance with two sufficient sureties, conditioned that the appellants shall prosecute said appeal with effect and pay all costs that may accrue thereon in case they fail to obtain a final decision more favorable to the county than the report from which such appeal is taken. In all such appeals, the courts of common pleas may direct an issue to be tried by a jury, upon whose verdict final judgment shall be entered, re-

serving the right of all parties to appeal, as provided in other appeals. Before said taxpayers shall be permitted to come into court and prosecute any suit or action or defend the county in any suit, process or action, they shall present to the court a petition signed by them, accompanied by an affidavit of one of their number, that they believe injustice will be done the county unless they are so permitted. Said taxpayers shall, whenever the court shall deem it necessary, file in said court of common pleas a bond, with one or more sufficient sureties to be approved by said court, to indemnify and save harmless said county from all costs that may occur in the suit, process or action subsequent to filing the petition.

"Intervention by taxpayers to prosecute any action or suit on behalf of a county, including an appeal already filed from an auditors' or controller's report, or to defend the county, shall be governed by the Pennsylvania Rules of Civil Procedure for so long as the pertinent provisions of this section remain suspended by said Rules." As amended June 3, 1971, P.L. 144, sec. 1, 16 P.S. §2805.

Petitioners' brief is without case authority to support their position. However, it is also true, as petitioners note, that no cases have held specifically that they may not proceed under the provisions of section 2805. While they concede that other remedies may be available to them, they insist that they have the right to proceed under section 2805.

While the lack of authority is certainly not conclusive against petitioners, we do feel that some significance must be attached to the fact that every case we have found construing section 2805 concerns appeals from audits or controller's reports with the exception of the case of Bell v. Al-

legheny County, 149 Pa. 381, 24 Atl. 209 (1892). In the Bell case, a judgment had been entered against the county and the county commissioners undertook to pay the judgment. The requisite number of taxpayers petitioned the court for leave to defend the county and inquire into the validity of the judgment. The Supreme Court of Pennsylvania held that the lower court had no discretion in the matter except to determine if a bond was necessary and that the taxpayers had the absolute right to intervene on behalf of the county. The court said at 385: "The act of June 12, 1878, P.L. 208, provides that any ten taxpayers, of any county of this commonwealth, may prosecute any suit or action in behalf of such county, or defend it in any suit, process, or action. If there exists any reason for such a statute, and of that the legislature are the proper judges, it ought surely to be most liberally construed." Petitioners rely upon the language in the Bell case and also point to the language in the statute itself. For example, the statute does say that taxpayers may "prosecute *any* suit or action" in behalf of the county. It also states that the authority relates to "appeals from county auditors' or controller's report *or otherwise.*" Finally, the statute says that before the taxpayers are permitted to come into court and prosecute *"any* suit," or defend the county in *"any* suit," they shall do certain things (emphasis supplied).

First we note that section 2801 of The County Code, 16 P.S. § 2801, mandates that all suits by a county *shall* be brought by the Board of Commissioners and that suits against the county *shall* be defended by the commissioners. Thus, it would appear that the language in section 2805, that taxpayers may proceed on "behalf of said county," does not mean that they may bring an action in the

name of the county, but only that they may proceed to protect the county's interest. This is more than a technicality. Under the provisions of section 2801, where the county is suing or being sued, the commissioners are the responsible parties. No one except the county commissioners may institute suit in the name of the county. There can be no other conclusion concerning the mandate of section 2801. This does not bar taxpayers from *intervening* in an action, such as was done in the Bell case, supra, but it does bar the *initiation* of litigation in the name of the county.

An analysis of section 2805 discloses that in the first sentence two procedures are authorized: (1) an appeal from the report of county auditors or controller and (2) a suit or action on behalf of the county either to prosecute or defend actions by or against the county. The next succeeding three sentences of the first paragraph provide what shall be done to perfect appeals from auditor or controller reports. The fifth and sixth sentences provide what shall be done if the taxpayers prosecute or defend on behalf of the county. The entire second paragraph relates solely to intervention by taxpayers in litigation already in process.

Since the petition now before us does not concern an appeal from a controller or auditor's report, nor does it concern intervention proceedings, the petitioners must bring themselves within that portion of the statute which authorizes prosecution or defense of actions *on behalf of the county*. To state it another way, can *the county* sue the county commissioners who by virtue of section 2801, supra, are the *only* people authorized by law to prosecute suits *by the county*? The answer must be in the negative. There is no way to reconcile the contradictory language in the two sections.

Can the defect be cured by amendment? Would it be possible for the individual taxpayers here to bring an action in their own right as a class action against the commissioners under the authority contained in section 2805? Notwithstanding the decision in Nagle v. Northumberland Co., 3 Northumb. L.N. 360, 27 Dist. R. 1055 (1918), to the contrary, we must again answer our question in the negative, because again we must hold that while individual taxpayers may bring actions against the county commissioners, they cannot do it on behalf of *the county* because *the county* can't sue the county commissioners. It must follow that if the county can't sue the county commissioners, neither can individuals sue them on behalf of *the county.*

We conclude that respondents' demurrer as well as the petition raising lack of capacity to sue must be sustained, because we conclude that individual taxpayers cannot sue the commissioners in the name of nor on behalf of the county.

In the event of an appeal from our order in this matter, and in order to expedite the case if the appeal is successful, we will further hold that respondents' motion to strike must be sustained because: (1) there is no affidavit attached that the taxpayers believe that an injustice will be done to the county unless they are permitted to prosecute the action, as required by section 2805, and (2) the action is brought in the name of the county in direct violation of section 2801 of The County Code. In all other respects, the preliminary objections will be denied.

For the future guidance of counsel, if our decision here is reversed on appeal, an amended petition should be filed. The function of the court would then be to authorize petitioners to prosecute

an action (without a predetermination of the validity of the factual allegations) and to fix the amount of bond, if any, which the petitioners should file. Thereafter, petitioners would file an action in law or equity, as the case may be, and that action would determine the factual issues.

Obviously, since we have not ruled upon any of the factual allegations set forth in the petition, our order is without prejudice to the right of petitioners to proceed in law or equity to obtain relief.

### ORDER

And now, April 28, 1977, petitioners' preliminary objections to respondents' preliminary objections are overruled and the respondents' preliminary objections in the nature of a demurrer and a petition alleging lack of capacity to sue are sustained. Respondents' preliminary objection in the nature of a motion to strike is also sustained as to petitioners' failure to attach an affidavit as required by section 2805 of The County Code and as to the bringing of the petition in the name of the county which is prohibited by section 2801. In all other respects, respondents' preliminary objections are overruled. For the reasons set forth in the attached opinion, it is ordered that the petition be and the same is hereby dismissed.