# Francis Shroder and Catharine Long, Appellants, *v.* City of Lancaster.

*Statutes—Repeal—Eminent domain—Waterworks—Acts of March 21, 1836, and May 25, 1877.*

A previous local statute is not repealed by a subsequent general statute inconsistent with it unless words of repeal are employed for that purpose or the intention to repeal is apparent.

The act of May 25, 1887, P. L. 267, entitled " An act to authorize cities and boroughs to condemn property and rights inside and outside of their limits, for the purpose of obtaining and supplying water," does not repeal the local act of March 21, 1836, P. L. 134, relating to the establishment of waterworks by the city of Lancaster. The two acts differ only as to the preliminary proceedings, and remedies under them for the taking of land for water purposes are concurrent.

Argued May 23, 1895. Appeal, No. 319, Jan. T., 1895, by plaintiffs, from order of Q. S. Lancaster Co., Trust Book No. 15, p. 25, sustaining exceptions to the report of viewers. Before STERRETT, C. J., WILLIAMS, MITCHELL, DEAN and FELL, JJ. Reversed.

Exceptions to report of viewers.

From the record it appeared that the proceedings were under the act of May 25, 1887, to recover damages for injuries to plaintiffs' land caused by the extension of the waterworks of the city of Lancaster. The viewers awarded damages in the sum of $940. The following exception, amongst others, was filed to the report of viewers:

" Exception 5. The water department of the city of Lancaster is regulated by the act of March 21, 1836, P. L. 134, which is not repealed by the act of 1887, and the taking and entering

upon land for laying pipes, etc., is subject to the provisions of said act."

The court in an opinion by BRUBAKER, J., sustained the exception, and set aside the report of viewers and all proceedings.

*Error assigned*, among others, was above order.

*D. McMullen; W. H. Roland* with him, for appellants.—If a law regulating cities of a given class should be held to exclude or be inoperative in one or more members of the class, it must under the constitution be inoperative in all and fall together. There can be no law for a class that does not embrace the whole class. There can be no laws regulating the affairs of one city in a class that does not apply to every city in the class: Com. v. Macferron, 152 Pa. 244; Quinn v. County of Cumberland, 162 Pa. 62.

The act of May 25, 1887, P. L. 267, is a general law intended to regulate matters of this nature in all the cities and boroughs of the commonwealth, and repeals or supersedes all special laws or parts of laws inconsistent therewith.

A general law bearing upon the same subject-matter supersedes previous special acts, and therefore repeals them by necessary implication: Best v. Baumgardner, 122 Pa. 17; Musser v. Com., 25 Pa. 126; Keller v. Com., 71 Pa. 413; Newbold v. Pennock, 154 Pa. 591.

The act of May 25, 1887, may be construed as not in conflict with the act of March 23, 1836, but only as amendatory. The act of 1836 does not provide for a fixed number of jurors, nor for cases where the owner cannot be found or where the parties are not sui juris. The act of May 25, 1887, remedies these defects.

*J. W. Brown*, for appellee.—General acts are ordinarily held not to repeal the provisions of charters granted to municipal and other corporations, or special acts passed for their benefit, though conflicting with the general provisions: Endlich on the Interpretation of Statutes, sec. 286; Harrisburg v. Sheck, 104 Pa. 53; Com. v. Macferron, 152 Pa. 244.

The act of 1887 does not regulate the municipal affairs of

any given class and is, therefore, not in conflict with the local act of 1836 : Quinn v. County of Cumberland, 162 Pa. 62.

Newbold v. Pennock, 154 Pa. 591, simply rules that a local act is repealed by a general one containing a repeal of all laws inconsistent therewith.

A general law on the subject-matter which has been provided for in certain localities by special laws will not, although it contains a general repeal of acts inconsistent with it, annul or alter the special provisions in those localities: 2 Brown v. County Com., 21 Pa. 37 ; Seifried v. Com., 101 Pa. 200 ; Dyer v. Covington Twp., 28 Pa. 186 ; Malloy et al. v. Com., 115 Pa. 25 ; Morrison v. Fayette County, 127 Pa. 110 ; Rhymer v. Luzerne County, 142 Pa. 108 ; Murdock's Petition, 149 Pa. 341 ; Bell v. County of Allegheny, 149 Pa. 381 ; Endlich on Interpretation of Statutes, sec. 223 ; McCleary, Appellant, v. Allegheny County, 163 Pa. 578.

OPINION BY MR. JUSTICE FELL, July 18, 1895 :

Proceedings under the act of May 25, 1887, to recover damages for injuries to the plaintiffs' lands caused by the city of Lancaster in extending its waterworks were set aside on the ground that the act does not apply to the city, and that the only remedy is that provided by the act of March 21, 1836. The earlier act authorizes the city to enter upon and occupy such lands as may be necessary for erecting and maintaining its waterworks, and provides that if the parties cannot agree upon the compensation to be paid the owner they shall appoint six persons to assess the damages, and in the event of their failure to agree in the selection of suitable persons the court shall issue a venire and the sheriff shall summon a jury. The act of 1887 is " to authorize cities and boroughs to condemn property and rights inside and outside their limits for the purpose of obtaining and securing water," and it provides that the parties shall first attempt to agree upon the damages to be paid, and if they fail to do so the court shall appoint five viewers to assess damages.

The act of 1887 is general, and relates to all of the cities and boroughs of the commonwealth. The remedy provided by it is for an injury for which the right to compensation is undoubted, and we see no reason why the defendant should be·

exempt from its provisions. It does not, however, follow that it furnishes the only remedy open to the plaintiffs. The acts may both apply, and the remedies be concurrent. There cannot be different standards of rights, but there may be different methods of remedy. Statutes which give repugnant rights are irreconcilable, and the later must prevail; but different and distinct remedies may coexist. The acts of 1836 and 1887 upon this subject differ in mere matters of procedure. There is no substantial difference in rights or results. They differ only as to the preliminary proceedings which may lead to a settlement or a jury trial. There is no reason why they may not be concurrent and the proceedings be under either. The act of 1887 has no repealing clause; it is clearly cumulative. It takes away no powers already existing, but gives additional powers to be exercised in a slightly different way but for the same purpose and to the same end.

In Commonwealth v. Macferron, 152 Pa. 244, the question was whether when a city passes from one class to another it becomes subject to all the laws governing the class which it enters, and it was held in the opinion by WILLIAMS, J., that it did become subject to them so far as its legislation conflicted with the uniform plan of municipal government provided for cities of the class of which it became a member, and that so far as its former legislation was not in conflict with the legislative plan of the new class it remained in full force. In Quinn v. Cumberland Co., 162 Pa. 55, two acts of assembly providing different and irreconcilable methods for the performance of a corporate power were under consideration, and it was decided that the repealing clause of the later act operated upon the former. No question decided in either case arises in this. We have here different methods of procedure provided by different acts, and no repealing clause in the later act, and it is within the rule that a previous local statute is not repealed by a subsequent general statute inconsistent with it unless the intention to repeal appears by express words or otherwise.

The order of the court of common pleas setting aside the report of the viewers and all proceedings is reversed and the record is remitted with a procedendo.