# Wilford v. Draper.

The Act of March 2, 1868, P. L. 257, entitled "An Act relating to appeals and transcripts from the judgments of Justices of the Peace in and for Center, Blair, Lehigh, Clinton, Schuylkill . . . Counties" which provides "that from and after the passage of that Act the Justices of the Peace in and for said counties named in the Act shall be entitled to receive from the appellant and from the plaintiff desiring a transcript for entering in the Common Pleas, or other transcripts in any case tried before him before giving a transcript or other transcripts, all costs that may have accrued in said action," is not repealed by the Act of July 15, 1897, P. L. 300, or the amendment thereto by Act of April 19, 1901, P. L. 84.

The general statute without negative words, does not repeal a previous statute which is particular, even though the provisions of one be different from the other. The general statute is read as silently excluding from its operations the cases which have been provided for by the special one.

## TRANSCRIPT—APPEAL.

No. 293, March Term, 1902, C. P. Schuylkill County.

Rule to strike off appeal.

J. O. Ulrich, Esq., for rule.

H. B. Graeff, Esq., contra.

Opinion by SHAY, J., June 9, 1902.

On Jan. 24, 1902, Dr. George Wilford, of Tamauqua, brought suit against Mary Draper, of the same place, to recover the sum of $15.25, due and owing, as alleged by the defendant, for professional services rendered, and on Feb. 1 judgment was entered before J. H. Stidfole, Justice of the Peace, for the plaintiff.

Subsequently, the defendant appeared before the Justice and demanded an appeal, tendering the costs of the appeal only, and offering good and sufficient bail absolute for the payment of debt, interest and costs on the affirmation of the judgment. The Justice refused to grant the appeal unless the defendant first paid all the costs that had accrued in the case together with the costs of appeal, and the defendant thereupon presented a petition to court praying that a mandamus might issue to compel him to grant the appeal upon the payment of the costs of the appeal and the entering of security as aforesaid, under the provisions of the Act of April 19, 1901, P. L. 84.

On the argument of the rule before this Court, the only question raised was the construction of the Act of 1901, and we were of the opinion the case at bar came under the provisions of that Act, its terms had been complied with, and on Feb. 24, 1902, we made the rule for alternative mandamus absolute.

Defendant then filed her appeal on March 3, 1902, and also issued a fi. fa. for costs in the mandamus proceedings against the Justice. Plaintiff then took out the above rule, which we are now called upon to decide.

In this rule to strike off the appeal the plaintiff assigns for reason that the Justice demanded all the costs in the case, and that said appeal was subsequently allowed on the order of the Court without payment of all costs in the case, contrary to the Act of March 2, 1868, P. L. 257, which is a special Act for Schuylkill county.

This raises an entirely different question than the one previously before this Court on the rule for mandamus, and it is, whether or not the Act of April 19, 1901, works a repeal of preceding Acts, both general and local, relating to appeals, and supersedes them.

The Act of March 2, 1868, P. L. 257, entitled "An Act relating to appeals and transcripts from the judgments of Justices of the Peace in and for Centre, Blair, Lehigh, Clinton, Schuylkill . . . counties," provides "that from and after the passage of this Act the Justices of the Peace in and for the counties of . . . Schuylkill . . . shall be entitled to receive from the appellant and from the plaintiff desiring a transcript for entering in the Common Pleas, or other transcripts, in any case tried before him, before giving a transcript or other transcripts, all costs that may have accrued in said action. Provided, that the payment of the costs in the first instance by the appellant or plaintiff shall not debar him of his right to receive the same from the appellee or defendant in the same manner and to the same extent as is now provided in an Act approved the 9th day of April, A. D. 1833, entitled 'An Act to abolish imprisonment

Wilford v. Draper.

for debt and other purposes.' And provided further, that any party to suits shall have the right to appeal and demand transcripts without the payment of costs aforesaid by their making and filing with the said Justice an affidavit of their inability to pay such costs."

This law, as it stands upon the statute book, has never been directly repealed; but by the Act of June 24, 1885, P. L. 159, entitled "an Act relative to costs in suits by Alderman and Justices of the Peace, and the collection of the same," it was enacted as follows: "Section 1. That in all cases of appeal from the judgment of an Alderman or Justice of the Peace, the said Alderman or Justice shall be entitled to demand and receive from the appellant the costs in the case before the making and delivery of the transcripts for said appeal; and if the appellant shall finally recover judgment in the case appealed, he shall be entitled to receive and collect from the adverse party the costs so as aforesaid paid on appeal. Section 2. Aldermen and Justices of the Peace shall have the same right to demand and receive the costs as aforesaid before issuing a transcript of a judgment recovered before them for entry in the Court of Common Pleas or other purposes, and the party paying the same shall be entitled to recover them from the party legally liable to pay the same: Provided, however, that any party to a suit before an Alderman or Justice of the Peace shall have the right to appeal and demand and receive transcripts without payment of costs as hereinbefore provided, on their making and filing with the Alderman or Justice of the Peace an affidavit that they are unable, through poverty, to pay the said costs." This Act was then followed by the Act of July 15, 1897, P. L. 300, entitled "An Act relative to costs in suits before Magistrates, Alderman and Justices of the Peace, and for the return of the same to the plaintiff in cases of appeal by defendant." It declares "that from and after the passage of this Act, it shall be the duty of any Magistrate, Alderman or Justice of the Peace, upon an appeal being taken by defendant, in any case, to return to the plaintiff therein all costs paid by him." To the Act of 1897, the Act of April 19, 1901, was

passed as an amendment. By the amendment there is added to the original Act the following words: "Unless such defendant shall give and enter good and sufficient bail absolute for the payment of debt, interest and costs on affirmance of the judgment, in which case the defendant shall be required to pay only the costs of the appeal, and the payment or return to the plaintiff therein of all costs paid by him shall await the final determination of the suit; and if the judgment be affirmed, the same shall be paid by the defendant or the surety to the plaintiff."

It will be observed that there are no repealing clauses in any of these Acts.

It is claimed by the plaintiff in this suit that the local Act of 1868 has not been repealed by any of the subsequent Acts, and that therefore the appeal of the defendant was erroneously entered and should be stricken from the record.

While it is true that, as to general statutes, a later statute may repeal a former one without express language to that effect by necessary implication, a general statute rarely repeals a local statute by mere implication. It is not to be supposed that the legislature, in framing a general law for the State, intended to repeal a special or local Act which the local circumstances made necessary. Rarely, if ever, does a case arise where it can be held that a general statute repeals a local statute by mere implication. See Malloy vs. Reinhard, 115 Pa. 25; Homer vs. Com., 106 Pa. 221; Evans vs. Phillipi, 117 Pa. 226; Safe Deposit & Trust Co. vs. Fricke, 152 Pa. 231; Com. vs. Phila. and Erie R. R. Co., 164 Pa. 252; Kuhn vs. Schaum, 19 Lanc. Law Rev. 84.

A general statute without negative words does not repeal a previous statute which is particular, even though the provisions of one be different from the other: Morrison vs. Fayette County, 127 Pa. 110; Schroder vs. Lancaster, 170 Pa. 136; Bell vs. Allegheny County, 149 Pa. 381.

The general statute is read as silently excluding from its operation the cases which have been provided for by the special

Wilford v. Draper.

one: Brown vs. County Commissioners, 21 Pa. 37; Endlich on the Interpretation of statutes Sec. 223, page 299.

From a perusal of the above cited authorities, we must inevitably conclude that the local Act of 1868 has not been repealed, either by the latter general Act of 1885 or those of 1897 and 1901, but it still contains the law as to Schuylkill county, and therefore that the appeal in the above case has been erroneously entered and must be stricken from the record. But, inasmuch as this case is the first one brought under the new Act, and the Court was unavoidably delayed in rendering its decision, and for the further reason that, had this question been raised on the first hearing, we could have rendered our judgment in time for this defendant to still perfect her appeal in accord with this opinion, we think in justice to this defendant, she should be permitted to perfect her appeal nunc pro tunc.

Reported by A. W. Schalck, Esq.,

Pottsville, Pa.