## Commonwealth ex rel. Renninger v. English

*James H. Egan,* for plaintiff; *Muscoe M. Gibson,* for defendant.

Corson, J., November 13, 1931.—In the above case, a petition for quo warranto was filed on November 1, 1930, and, the same day, a decree was entered, fixing a time for a hearing and enjoining the defendant, meanwhile, from exercising any of the duties of councilman of the Second Ward of the Borough of Bridgeport. On November 9, 1931, after agreement filed to try the case before a judge without a jury, the matter came before the writer of this opinion upon an admitted state of facts. The facts admitted are:

1. That Joseph English, the respondent, was, on November 8, 1927, elected as a councilman for the Second Ward of the Borough of Bridgeport, this county.

2. That at the time of such election, Joseph English was a resident of such Second Ward of the Borough of Bridgeport.

3. That subsequent to his election, and prior to the institution of these proceedings, Joseph English moved from the Second Ward of the Borough of Bridgeport and became a permanent resident of the third ward of said borough.

4. That at the time of the filing of the quo warranto proceedings, the respondent was acting as a councilman of the second ward of such borough.

Upon the foregoing facts, the petitioner contends that Joseph English is not entitled to continue further in the office of councilman from the Second Ward of the Borough of Bridgeport, and the respondent, upon the same facts, contends that no vacancy exists in the said office, and that the respondent is entitled to continue in said office. The respondent cites the provisions of the borough charter, providing, in section three of the Act of February 27, 1851, P. L. 115, that the inhabitants of the borough, not at that time divided into wards, "shall then and there elect by ballot the following officers for the ensuing year from amongst the citizens of said borough, to wit: . . . five persons to be members of the town council . . ."

The borough was later divided into wards, and it was admitted, at least by counsel at the argument, that for a great number of years councilmen had been elected residing in the wards from which they were elected, and had not been elected at large, as the respondent contends the electors had a right to do.

The petitioner in the writ contends that the councilmen elected by the different wards must be residents of the wards from which they are elected. This contention must be upheld, and the law governing these facts is most clearly set forth in the Act of Assembly of April 13, 1903, P. L. 171, section one of which provides that: "In all boroughs in this Commonwealth, which now are divided into wards, the councilmen shall be elected by the electors of the respective wards, and not at large, and shall be residents of the ward from which they are elected." While, in the absence of any further provisions, the question might be raised whether or not section one of the Act of 1903, supra, repealed any of the provisions of the Bridgeport Special Act (see Schroder et al. *v.* City of Lancaster, 170 Pa. 136, and Bell *v.* Allegheny County, 149 Pa. 381), yet section five of the Act of 1903 is so clear that the question of repeal is not open to question.

Section five provides as follows: "This act shall apply to every borough in this Commonwealth falling under the provisions of the first section of this act, whether said borough is now governed by general or special acts of assembly; and all acts or parts of acts, whether general or special, inconsistent herewith, are hereby repealed."

It is admitted that the Borough of Bridgeport, at the time of the approval of the Act of 1903, supra, was divided into wards, and falls within the provisions of section one of said act. It is interesting to note that even before the passage of the Act of 1903, in a county court case, it was held that the members of a borough council must be residents of the wards which they respectively represent, and that when a member of a borough council moves out of a ward which he represents he may no longer represent the ward from which he moved: Com. ex rel. *v.* Yeakel, 3 Dist. R. 665.

In view of the Act of 1903, however, it is not necessary to rely upon the reasoning and the acts of assembly referred to in the Yeakel case.

We, therefore, arrive at the following conclusion of law:

1. That Joseph English is not entitled to act as a councilman of the Borough of Bridgeport, representing the second ward of said borough, and that the following decree must be entered:

And now, November 13, 1931, the trial judge finding Joseph English to be unlawfully holding and exercising the office of councilman, representing the Second Ward of the Borough of Bridgeport, Montgomery County, judgment is now given that the said Joseph English be ousted and altogether excluded from such office, and that the Commonwealth of Pennsylvania, petitioner in the writ, recover the costs of this proceeding from the said Joseph English.

From Aaron S. Swartz, Jr., Norristown, Pa.