# Rubinsky *v.* City of Pottsville, Appellant.

*Constitutional law—Special and local legislation—Title—Class legislation — Cities — Act of July 5, 1917, P. L. 682, and Act of March 21, 1919, P. L. 20.*

The Act of July 5, 1917, P. L. 682, relating to the repayment to the owners of property abutting on a highway, in any city of the Commonwealth, of any money paid by him upon an assessment when it shall have been determined, by a court of competent jurisdiction, that he was not liable for such payment, is constitutional.

The classification of municipalities for purposes of legislation is constitutional, and the act is not objectionable because it is applicable to cities alone.   This objection is answered by the Act of March 21, 1919, P. L. 20, which is a valid self-sustaining statute covering the provisions of the Act of 1917 and including all incorporated municipal districts.

The grant of authority to refund money collected without right is not special legislation, "refunding moneys legally paid into the

treasury" of municipalities, in violation of section 7 of Article III of the Constitution of Pennsylvania.

The title to the Act of 1917 fully covers the subject to be legislated on and is not objectionable even if in its terms it is broader than the enacting clause.

Argued, December 4, 1922.   Appeal, No. 48, Oct. T., 1922, by defendant, from judgment of C. P. Schuylkill County, Jan. T., 1922, No. 192, on case stated in the case of Israel L. Rubinsky, Executor of the last will and testament of Harris Rubinsky, late of the City of Pottsville, deceased v. The City of Pottsville.   Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Case stated.   Before KOCH, J.

The facts are stated in the following opinion filed in the court below:

From the facts agreed upon it appears that, by virtue of an ordinance of said city approved the 2d day of June, 1914, that portion of West Market Street which lies between Fourth and Twelfth streets in said city was improved and paved, and that on that account the sum of $442.98 was assessed against certain property of Harris Rubinsky, deceased, which property abuts on said West Market Street; that the said sum of money was paid into the treasury of said city on the 4th of June, 1916; that among others whose property was in like manner assessed was one Howard N. Jones, who declined to pay the assessment; that he not only declined to pay the assessment but resisted when legal proceedings were had to compel its payment.   Those proceedings were entered to No. 392, May Term, 1915, and, upon trial had before a jury, a verdict was entered in his favor.   Later, an appeal by the city was taken to the Superior Court of Pennsylvania, and the judgment upon the verdict in favor of Jones was affirmed.   See Pottsville v. Jones, 63 Superior Court 180.   According to that decision, abutting property owner were not liable for the improvement of

the street, because the jury found that the street had been paved or macadamized prior to that time, and that abutting property owners are not liable for the cost of repaving said street. The assessment against the Rubinsky property having been voluntarily paid, the Rubinsky Estate, by this suit, now seeks to compel the city to repay the said $442.98, and grounds its right of action upon two Acts of Assembly, approved respectively on the 5th day of July, A. D. 1917, P. L. 682, and on the 21st day of March, A. D. 1919, P. L. 20.

Having voluntarily paid the said sum of $442.98 into the city treasury, the plaintiff is in no position to recover the money back, unless said Acts of Assembly enable him to do so: Peebles and Wife v. City of Pittsburgh, 101 Pa. 304; De La Cuesta v. Insurance Company, 136 Pa. 62; Bryson v. Trustees, 168 Pa. 352; Davis v. Patterson, 12 Superior Court 480; United States v. Wilson, 168 U. S. 273. (42 L. Ed. 464.)

The title of the Act of 1917 is as follows: "An Act authorizing cities to refund moneys paid by property owners into their treasuries, when a court of competent jurisdiction shall have determined that there was no liability for such payment when made.

The Act of 1919, upon which the plaintiff relies, is amendatory of the one just quoted. It is so amended as to include boroughs and incorporated towns. Each of the Acts of 1917 and 1919 contains but one section. We will quote the section as it appears in the Act of 1919, underlining the portions of the Act of 1919 which are added to the Act of 1917:

"Section 1. Be it enacted, etc., That whenever any city, borough, or incorporated town, within this Commonwealth, shall have, under existing laws, paved, curbed, and guttered, or otherwise improved, its highways, or any of them, or has opened or graded or acquired or condemned property in or along its highways, or any of them, at the expense in whole or in part of the owners of property bounding and abutting thereon, and such

Opinion of Court below. [81 Pa. Superior Ct.
owners or any number of them shall have paid the as-
sessments, levied against them by such city, borough or
incorporated town, or by viewers, for such improvement,
into the respective treasury, the said cities, boroughs or
incorporated towns are hereby authorized and em-
powered to refund to the said owners, or to their heirs or
assigns, the amount of the assessment thus paid by them,
if it shall have been determined by any proceeding at law
or in equity by a court of competent jurisdiction that the
owners of property bounding or abutting on said high-
way or highways were not liable for the payment of such
improvement at the time such improvement was ordered
by the council of said cities, boroughs, or incorporated
towns to be made."

On the 14th of September, 1920, the City of Potts-
ville passed an ordinance entitled, "An ordinance author-
izing and directing the City of Pottsville to refund
moneys paid by property owners into the city treasury
assessed against them by reason of the paving, curbing
and improving of West Market Street, from Fourth to
Twelfth Street, and providing for the manner of repay-
ment of the same." In a preamble of seventeen separate
paragraphs the reasons for passing the ordinance clearly
appear, and a reference is therein made to the Act of 5th
July, 1917, P. L. 682, but no reference is made to the Act
of 21st of March, 1919, P. L. 20. The ordinance consists
of three sections, as follows:

"Section 1. That the City of Pottsville is hereby
authorized and directed to pay and refund to the several
owners of property bounding and abutting on West Mar-
ket Street from Fourth Street to Twelfth Street all such
sum or sums of money that have been assessed against
them and paid by them, respectively, into the city treas-
ury, by reason or on account of a certain paving, curbing
and improving of West Market Street, from Fourth
Street to Twelfth Street, in pursuance of an ordinance
of the City of Pottsville approved June 2, 1914.

"Section 2. That an appropriation be made of moneys sufficient to pay and refund the respective property owners, bounding and abutting on West Market Street, from Fourth Street to Twelfth Street who have paid the assessments levied against them as aforesaid, at the beginning of the next fiscal year.

"Section 3. That when said appropriation is made, and an item contained in the budget to cover the expenditures of the city, for the year 1921, is set aside for this particular purpose, the Superintendent of Accounts and Finance is hereby directed to cause to be issued, a warrant or warrants, in favor of the said respective property owners, who have paid the assessments levied upon them as aforesaid and the City Treasurer is directed to pay the same.

"All ordinances or parts of ordinances inconsistent herewith are hereby repealed."

In the fourth paragraph of the case stated, "It is agreed that no appropriation has been made by the City of Pottsville, in pursuance of the ordinance referred to, passed the 14th day of September, 1920, to pay and refund the moneys to the plaintiff and other property owners on West Market Street, assessed against their respective properties and paid by them into the city treasury."

Notwithstanding the passage of the ordinance of 1920 by the City of Pottsville, it now resists this suit for the recovery of the money paid by the Rubinsky Estate, upon the alleged ground that the Act of 1917 is unconstitutional as offending against the seventh section of the third article of the Constitution, which inter alia forbids the general assembly to pass, "any local or special law ........regulating the affairs of counties, cities, townships, wards, boroughs or school districts......or refunding moneys legally paid into the treasury."

The Act of 25th of June, 1885, P. L. 187, regulating the collection of taxes in the several boroughs and townships of this Commonwealth is a general act, although it is

limited in its application to only the political divisions mentioned in the act. Nor is that act unconstitutional because it fails to repeal all local laws on the same subject: Evans v. Phillipi, 117 Pa. 226. An act is not local but general when it is passed for the whole State: Com. v. Reynolds, 137 Pa. 389, 401. "It is the settled law since Wheeler v. Phila., 77 Pa. 338, that classification based on genuine and substantial distinctions is within the constitutional power of the legislature, and an act which applies to all its members of the class is general and not special": Sugarnotch Borough, 192 Pa. 349, 356. There is no constitutional objection against classification of municipal divisions. Nor is there objection against legislation for each class. "It would be a most unfortunate clog on the improvement of our school system if Philadelphia, Pittsburgh, Allegheny and other cities could not have their high schools, their manual training or industrial schools, or even their kindergartens, without the necessity of imposing the expense of a similar establishment on every borough and sparsely populated township in the State": Ibid. 357. "There is no constitutional requirement of uniformity as to matters included in section 7 of article III. That section is a prohibition against local or special laws upon certain subjects......The constitutional requirement therefore is that such laws shall be general, not local or special and uniformity of result is only one of the judicial tests applied to laws for the determination of their character as to generality. A law may by classification or otherwise produce some diversity of result, and yet be general, for where the classification is based on genuine distinctions, its expediency is for legislative determinaton": Stegmaier v. Jones, 203 Pa. 47, 50; Com. v. Middleton, 210 Pa. 582. Where an act affects the school directors of all the townships of the State so far as it concerns the control of contagious and infectious diseases it is not a local or a special law: School District v. Montgomery, 227 Pa. 370. Consequently such an act as the one before us,

which concerns all incorporated districts in the State, is a general and not a local or special act.

The defendant insists that the Act of 1917 is unconstitutional and that the Act of 1919, which is amendatory of it, must also be unconstitutional, upon the theory that an unconstitutional act cannot be amended. But if the Act of 1917 was dead for want of constitutional support when enacted, it was made alive by its amendment and reënacted in accordance with section 6 of article III of the Constitution, which provides for the reviving and amending of an act by its reënactment and publication at length.

It seems to the writer that if the legislature may legislate to compel abutting property owners on streets in incorporated towns to contribute for street improvements, it may also legislate for the refunding of moneys paid by mutual mistake for such improvements. Of course it may not pass such a law for only the City of Pottsville; such a law should be of general application wherever the power to assess properties for municipal improvements exists by virtue of general law. It also seems to the writer that if the plaintiff paid to the defendant the money in question under the mistaken belief that he was legally bound to pay it and that the city officers accepted the money under the mistaken belief that the city was legally entitled to receive the money, then there was a mutual mistake made and in a proper action the plaintiff could recover without the requirement of an enabling act. See Reed v. Horn, 143 Pa. 323.

In this case it is agreed by the parties that if it be our opinion that the City of Pottsville, under and by virtue of the ordinance enacted on the 14th of September, 1920, and passed in pursuance of the Act of 1917, P. L. 682, is indebted to the plaintiff for the amount of money paid by him into the city treasury, then judgment is to be entered in the plaintiff's favor for the sum of $442.98, but if we be of the opinion that the Act of 1917 is unconstitutional as local or special legislation, and the ordinance

passed in pursuance of it illegal, then judgment is to be entered in favor of the defendant. This agreement overlooks the fact that the Act of 1917 was reënacted and amended so as to include all incorporated municipalities in the State more than a year before the ordinance in question was passed. The Act of 1917 was therefore not in force when the ordinance of 1920 was passed, and the ordinance of 1920 could be passed only by virtue of the Act of 1919. However, from the preamble of the ordinance, the casual reader would conclude that the authority for the passage of the ordinance is the Act of 1917, because the preamble, inter alia, says, "And whereas, an act of the legislature, approved the 5th day of July, 1917 P. L. 682 authorizes and empowers cities to refund to owners of property, or their heirs and assigns, the amount of the assessment paid by them under such conditions." Reliance by the city upon the Act of 1917 for its authority in the premises was undoubtedly erroneous, because its authority at the time of the passage of the ordinance was not the Act of 1917; it was the Act of 1919. Nor was it necessary for the city in the preamble of the ordinance to make any reference whatever to the source of its authority for enacting the ordinance. The part of the preamble as above quoted is therefore a harmless error.

We think the Act of 1919 is a general law and that the ordinance of September, 1920, is valid, and that the plaintiff is entitled to judgment in the case stated. The fact that the ordinance has been passed itself shows that the city is willing to return all money which it had no legal right to receive, but that a doubt of its right so to do makes it hesitate long enough to have its right tested and settled in this manner.

And now, January 2, 1922, the prothonotary is directed to enter judgment in favor of the plaintiff for the sum of four hundred and forty-two dollars and ninety-eight cents, and an exception is allowed the defendant and bill sealed.

105, (1923).] Assignment of Error—Opinion of the Court.

Defendant appealed.

*Error assigned* was the judgment of the court, quoting it.

*J. L. N. Channell,* City Solicitor, and with him *M. H. Spicker,* for appellant.—Classification of municipalities for purposes of legislation must rest upon necessity: Ayar's App., 122 Pa. 266.

And the subject-matter must be proper for classification, relating to the governmental functions of the municipality: Scowden's App., 96 Pa. 422; Davis v. Clark, 106 Pa. 377; Safe Deposit & Trust Co. v. Fricke, 152 Pa. 231.

*E. P. Leuschner,* for appellee.—Title to an act need not be a complete index of its contents: Com. v. Lloyd, 178 Pa. 308; 2 Pa. Superior Ct. 6; Seabolt v. Commissioners, 187 Pa. 318; Baker v. Warren County, 11 Pa. Superior Ct. 170.

The acts are not local or special legislation. Laws are general where every person who is brought within the relations and circumstances provided for is affected by the law: Evans v. Philipi, 117 Pa. 226; Lehigh Valley Coal Co.'s App., 164 Pa. 44; Com. v. Norton, 16 Pa. Superior Ct. 423.

OPINION BY HENDERSON, J., March 2, 1923:

The only defense presented to the plaintiff's action is that the Act of the 5th of July, 1917, P. L. 682, and the Act of the 21st of March, 1919, P. L. 20, are unconstitutional. The first of these statutes relates to the repayment to the owner of property abutting on a highway in any city of the Commonwealth of any money paid by him on any assessment levied against said property for paving, curbing and guttering, or otherwise improving the same, when it shall have been determined in any proceeding at law or in equity by a court of competent

jurisdiction that the said owner was not liable for the payment of such improvement at the time such improvement was ordered by the council of said city to be made. The second act is an amendment of the former and is like it in terms with the addition to the word city of the words "boroughs or incorporated towns." It is objected that the Act of 1917 is unconstitutional because it relates only to cities; that it is legislation regulating the affairs of counties, cities, townships, wards, boroughs and school districts in violation of section 7 of article III of the Constitution. It is further objected that the title is broader than the enactment. With respect to the Act of 1919, the contention is that the Act of 1917 being unconstitutional an amendment thereof cannot be made, and that the latter statute must therefore be treated as nullity. The argument made against the Act of 1917 that it is class legislation in that it only applies to cities is answered by the Act of 1919 which covers all incorporated municipal districts. The title to the Act of 1917 fully covers the subject to be legislated on and is not objectionable even if in its terms it is broader than the enacting clause. The subject is the refunding of money paid by property owners on municipal claims to which the municipality was not entitled. The use of the words property owners in the title was evidently intended to describe owners of real estate, and the enacting clause limits the subject to such owners who have been charged with municipal assessments for street improvements, and this subject is covered by the general terms of the title. The legislation confers on the respective municipalities authority to refund money which they had no right to collect. This is in no sense the granting to any corporation, association or individual any special or exclusive privilege or immunity. It is the declaration of a purpose to permit the municipality to be just with respect to funds collected by assessments levied under the forms of law which were paid without the judgment of a court and through, as we may assume, the mutual

misapprehension of the municipality and the property owner that there was a valid claim for the amount paid. The grant of authority to refund money collected without right is not legislation contemplated in section 7 of article III of the Constitution. Nor is the statute objectionable because it is made applicable to cities alone. This subject was discussed at length in Wheeler v. Phila., 77 Pa. 338, and Sugarnotch Borough, 192 Pa. 349, which fully sustain the classification of municipalities for purposes of legislation. The fact that diversity of results may follow is not a valid objection, for where the classification is based on genuine distinctions, its expediency is for legislative determination. We agree with the learned trial judge that the Act of 1919 is a valid statute covering the provisions of the Act of 1917. We think it unnecessary to discuss the question whether assuming the Act of 1917 to be unconstitutional an amendment thereto can be made. The Act of 1919 is self-sustaining and is not necessarily therefore dependent for its validity on the Act of 1917. All incorporated districts of the State are brought within the provisions of the Act of 1919 and the special legislation argument is therefore not relevant. The act is appropriately applicable to the incorporated districts of the State because therein arise the claims with reference to assessments for municipal improvements; they constitute a class and a large class of municipal claims; they are prosecuted in the first instance by liens against real estate. The test of the validity of the lien may not be determined for a considerable period after it becomes a charge on the property. In many instances such claims are paid to permit the transfer of property unencumbered. There is a manifest propriety therefore in legislation which permits the refunding of a claim paid on the assumption that it was a valid lien when the fact may be otherwise determined as the result of a judicial inquiry. In the case under consideration the borough ordinance provides for the repayment of the money. Why should that not be

done?   If the city has secured a sum of money from the plaintiff through the assertion of a lien to which money it had no legal claim, a sufficient reason is not apparent why it may not do that which good conscience suggests, and the statute and city ordinance authorize to be done. The fact that the ordinance refers to the Act of 1917 is not material.   The question is one of the authority of the city to do the thing proposed and that depends on the effectiveness of the legislation.   The Act of 1919 confers such authority; it is immaterial that it was supposed when the ordinance was adopted that it was the Act of 1917 under which it was proceeding.   The opinion of the trial court states clearly the principles on which the judgment was entered.   We concur in the conclusion reached.

The judgment is affirmed.