## Womer v. Schlottman, Controller of Schuylkill County.

*Constitutional law—Local legislation—Poor districts—Public officers—Act of April 9, 1925.*

1. Local or special legislation regulating the affairs of poor districts is not prohibited by the Constitution.

2. The Act of April 9, 1925, P. L. 222, entitled "An act providing for the payment by counties and poor districts of the salaries of officers where, pending the settlement of a dispute, the salary paid to such officer was less than the amount to which he was legally entitled," is not unconstitutional as violating article iii, section 7, of the Constitution, relating to local or special laws.

3. The Act of 1925 is in fact general in its terms and applies to all counties and poor districts.

4. The fact that it does not extend to embrace all municipal divisions in the state is not fatal to its constitutionality, for these are proper subjects of classification.

5. A poor director may recover back salaries for the years 1919 and 1920, notwithstanding the fact that annual reports of the county controller disallowing them have not been appealed from.

Petition for mandamus. C. P. Schuylkill Co., Jan. T., 1926, No. 41.

O. N. Heblich and John H. Firtig, for plaintiff.

E. D. Smith, for defendant.

BERGER, J., Jan. 18, 1926.—This is a writ of alternative mandamus to compel the county controller to countersign a warrant drawn in the plaintiff's favor

upon the county treasurer by the Board of Directors of the Poor for Schuylkill County, for back salary amounting to $3892.77. The defendant has filed an answer, to which the plaintiff has 'demurred. The plaintiff was appointed a director of the poor April 3, 1917, and remains in office by virtue of his election and re-election. When he assumed office there was a dispute pending concerning the salary to which a director of the poor for the County of Schuylkill is entitled, in which the controller maintained that the salary was fixed at $1500 per year by the Act of June 8, 1907, P. L. 487, as amended by the Act of May 3, 1909, P. L. 382, as further amended by the Act of May 24, 1917, P. L. 293, and the plaintiff, that it is fixed at $2500 per year by the Act of June 12, 1907, P. L. 529, as amended by the Act of May 10, 1917, P. L. 179, both applicable to the Poor District of the County of Schuylkill only. The controller's contention that the two acts last mentioned were unconstitutional as local or special legislation was overruled by our court in Tosh v. Schlottman, Controller, 2 D. & C. 256, in an opinion filed by our brother Koch April 17, 1922. By warrants drawn monthly upon the treasury by the directors of the poor for their salaries, countersigned by the controller, the plaintiff only collected $100 per month as his salary from April 3, 1919, to April 1, 1922, but, by mandamus upon the controller, enforced collection at the rate of $2500 per year since. The controller's annual reports, showing the collection of only $100 monthly by the plaintiff for his salary covering the period for which the warrant for accrued salary is drawn, were all duly filed, and no appeal from them was taken. The warrant as drawn is for the difference between salary at the rate of $2500 per year claimed by the petitioner as his lawful salary and $1200 per year accepted by him for the aforementioned period.

The defendant's contention is that the reports of the county controller for the years 1919, 1920, 1921 and 1922, unappealed from, are in the nature of a final judgment against the plaintiff's claim for back salary, and a complete bar to its recovery. The plaintiff answers this contention by saying that the bar to his recovery has been removed by the Act of April 9, 1925, P. L. 222, which is as follows:

"An act providing for the payment by counties and poor districts of the salaries of officers where, pending the settlement of a dispute, the salary paid to such officer was less than the amount to which he was legally entitled.

"Section 1. Be it enacted, &c., That whenever heretofore, pending the settlement of a dispute, any county or poor district has paid to a public officer a salary for the performance of his duties, and in subsequent legal proceedings brought in a court of record by such officer during his incumbency in office it was decided that the salary of such officer as fixed by law was in excess of the amount which was being paid by the county or poor district to such officer prior to such legal proceedings, then in any such case such officer shall be entitled to receive and be paid by the county or poor district responsible for the payment of the salary of such officer an amount equal to the difference between the amount to which he was legally entitled and the amounts received prior to such legal proceedings; and no failure on the part of such officer to appeal from the annual report of any auditor or board of auditors or controller shall be held to bar his right to recover the salary to which he was legally and morally entitled: Provided, that this act shall not apply to the salary of any officer for any period prior to the first day of January, one thousand nine hundred and seventeen."

The constitutionality of the Act of 1925 is attacked by the defendant on the ground that it is local or special legislation, violative of article III, section 7, of the Constitution of Pennsylvania, prohibiting, inter alia, the passage of

Womer v. Schlottman, Controller of Schuylkill County.

"any local or special law regulating the affairs of counties, cities, townships, wards, boroughs or school districts." In Tosh v. Schlottman, Controller, 2 D. & C. 256, we held that local or special legislation regulating the affairs of poor districts is not prohibited by the Constitution. Therefore, even though the Act of 1925 applied in express terms to the Poor District of Schuylkill County only, we could not declare it unconstitutional for that reason alone. Moreover, as we view the act, it is general in its terms and applies to all counties and poor districts. The fact that it does not extend to and embrace all municipal sub-divisions in the state is not fatal to its constitutionality, for these are proper subjects of classification: Rubinsky v. City of Pottsville, 81 Pa. Superior Ct. 105; Rymer v. Luzerne County, 142 Pa. 108.

The plaintiff concedes that the purpose of the Act of 1925 is to remove the legal impediment to the recovery of his back salary arising from his failure to appeal from the annual reports of the county controller. Prior to the adoption of the Constitution of 1874, it was held in Burns v. Clarion County, 62 Pa. 422, that a settlement by county auditors, unappealed from, does not have the finality of a judicial decision, and that a statute directing the opening and resettlement of a treasurer's account by the county auditors, on equitable grounds, was a proper exercise of legislative power. This exercise of legislative power has not been circumscribed by the Constitution of 1874. Section 15 of the Act of June 27, 1895, P. L. 403, declares that the annual reports of county controllers shall have the same effect as the reports of county auditors formerly had, and, therefore, places them on the same plane.

If the salary of a poor director in our county is $2500 per year, under the Act of 1917, as we have held, then the plaintiff was legally entitled to salary at that rate, notwithstanding for a long period he collected salary at the rate of $1200 a year, and the bar to the recovery of the balance, arising from his failure to appeal from the controller's annual reports showing these payments, did not destroy the merit of his claim. The purpose of the Act of 1925 is merely to remove the legal impediment preventing the plaintiff from recovering that which was his just due, and the legislature, provided it does not violate constitutional prohibitions, may remove an impediment in the way of legal proceedings to authorize recovery upon a just claim, or upon one supported by a moral obligation to pay: Kiskaddon v. Dodds, 21 Pa. Superior Ct. 351, 363; Investors Realty Co. v. City of Harrisburg, 82 Pa. Superior Ct. 26, 31; Stebbins v. Crawford County, 92 Pa. 289, 293; John T. Bailey et al. v. Philadelphia et al., 167 Pa. 569, 573.

The salary of Directors of the Poor of Schuylkill County is payable from the county treasury, pursuant to section 17 of the Act of April 25, 1850, P. L. 569, and all payments from the county treasury on account of the poor district must be by warrant upon the treasury, drawn by the board of poor directors and signed by the controller: Lee Brothers v. Davis, 22 Pa. C. C. Reps. 492. This being so, the plain requirement of the Act of 1925, without resorting to rules of construction, is that the plaintiff is entitled to receive and be paid by the county an amount equal to the difference between the amount to which he was legally entitled as salary and the amounts collected or received by him on account of such salary. The petitioner is, therefore, entitled to a peremptory mandamus.

And now, Jan. 18, 1926, the prothonotary is directed to issue a writ of peremptory mandamus to the county controller, requiring him to approve the warrant drawn in favor of William A. Womer for back salary as director of the poor from April 3, 1919, to April 1, 1922, in the sum of $3892.77.

From M. M. Burke, Shenandoah, Pa.